THE STATE OF CONNECTICUT vs. EDWARD T. WRIGHT
AND ANOTHER.

The defendants, W and M, one as principal and the other as surety, gave bond to the state in $5,000 that W should faithfully discharge the duties of county commissioner. By statute it was a part of the duties of the board of county commissioners, which consisted of three members, to act upon the granting of licenses for the sale of liquors in the several towns of the county, and to receive and pay over to the towns the fees paid upon the granting of such licenses. After W had assumed the office his associates made him treasurer of the board, and as such he received money paid for licenses, and appropriated to his own use over $5,000 of it. In a suit brought by the state on the bond it was held—

1. That W's acts as treasurer were covered by the bond.

2. That, the statute (Acts of 1877, ch. 129,) requiring the bond to be given to the state, the action could be maintained by the state.

*M*, the surety, filed a cross-complaint asking that the other commissioners be made parties defendant, and that, if a judgment was rendered against him, he might have judgment against them for their proportionate share of the damages. Held that it could not be entertained.

The Practice Act does not permit a defendant to bring in as co-defendants parties whose legal relation is only to himself, and whose presence or absence can not affect the judgment to be rendered as between himself and the plaintiff.

CIVIL ACTION on a bond given to the state for the faithful discharge by the defendant Wright of his duties as county commissioner; brought to the Superior Court. Cross-complaint filed by the defendant Mead, surety on the bond. Demurrer to cross-complaint by plaintiff. Demurrer sustained, and cross-complaint dismissed. Facts found and judgment rendered by the court (*Beardsley, J.,*) for the plaintiff. Appeal to this court by the defendant Mead. The case is sufficiently stated in the opinion.

*J. B. Curtis* and *L. Warner*, for the appellant.

*L. D. Brewster* and *S. Tweedy*, for the appellee.

*E. W. Seymour*, for certain parties cited in on the cross-complaint.

PARDEE, J.—On June 29th, 1878, the defendants, E. T. Wright as principal and Thomas A. Mead as surety, executed their bond to the State of Connecticut in the penal sum of $5,000, upon condition that the said Wright should faithfully discharge the duties of the office of county commissioner for Fairfield County for the period of three years from July 1st, 1878. In the last named month Wright was by his two associate commissioners made custodian of the money paid to them under the statute for licenses to sell spirituous liquors. Of such money during the year next ensuing he received and misappropriated more than $5,000. The state instituted this suit upon the bond and had judgment for the sum named therein. The defendant Mead appealed.

It is his claim that the commissioners acted in two distinct spheres, one public and general, the other incidental; and that the default of his principal is in the latter and not covered by the bond. ' But before the time of its execution a public act had imposed upon county commissioners the duty to receive money for licenses granted and pay the same to the treasurers of the several towns entitled thereto; upon each one of them the duty to account for all money entrusted to his official keeping. The undertaking of the surety is that his principal shall faithfully discharge the duties of his office "in all respects, according to law;" · excepting nothing; including everything. Moreover, the fact that the statute requiring the bond is later than that making them custodians of this money, would seem to indicate legislative intent to secure fidelity in this very matter. And if we were to classify their duties, faithful accounting for money received officially would seem to be public and general in the highest degree.

In answer to the claim that the state can not maintain this action, we reply that the legislature is supreme in the matter of granting these licenses, and of the reception, keeping and disbursement of the money received therefor. It required, as it had power to do, that the bond securing the fidelity of a public officer to his duty in this regard should be taken to the state; (Acts of 1877, chap. 129;) it follows that upon breach the penalty might be sued for and recovered by it upon a trust expressly named in the statute. There is therefore special legislative warrant for the form of the bond and for the present action. That the state will discharge its duty to the *cestuis que trust* is to be assumed.

The defendant surety filed a cross-complaint, in effect asking, first, for stay of proceedings until the plaintiff should obtain judgment against Wright and each of the other two commissioners and enforce payment thereof against one or both of them; and second, that in the event of a judgment against himself he should have judgments against those commissioners and their respective sureties for the propor-

tionate amounts which in equity or at law they shall be adjudged to pay as damages for the amount misappropriated by his principal; making them and their sureties parties. The court sustained a demurrer to this cross-complaint.

If we should concede that the defendant surety has a cause of action against two county commissioners for negligence in permitting the third, his principal, to have possession of the money paid for licenses, there is no error in denying his motion. His bond guarantees the fidelity of Wright; it concerns himself, Wright and the plaintiff only; it has no legal connection with, and therefore can not be affected by, any undertaking by or in behalf of either of the other commissioners; the amount of his indebtedness to the plaintiff by reason of his bond can not be diminished by the fact of the existence of such claim.

The Practice Act does not permit a defendant to burden a cause and delay its progress to a conclusion by citing in parties whose legal relation is only to himself, and by raising for determination issues which can by no possibility affect the judgment to be rendered. The permission given to him to secure the presence of co-defendants rests not at all upon the ground that it is for his advantage, but solely upon the fact that in their absence it is impossible to render a judgment which may not be re-opened.

There is no error in the judgment complained of.

In this opinion the other judges concurred.