# GEORGE P. CARROLL, TRUSTEE, *vs.* E. HARRIS WEAVER AND WILLIAM E. HUNT.

Third Judicial District, New Haven, June Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Under chapter 174 of the Public Acts of 1893, errors in conclusions of fact furnish no ground for an appeal from the judgment, and can be considered by this court only so far as they relate to the errors of law assigned upon the record, so as to fully present the matters out of which it is claimed those errors of law arose.

A finding by the trial court as to the payment or non-payment of certain items of an account, is final and conclusive on appeal, unless in reaching such conclusions errors of law were committed by the court prejudicial to the losing party.

In an action to recover the balance of the contract price for building a vessel, the defendant in his first defense admitted most of the items of the bill of particulars, but denied that he owed the balance claimed, and pleaded payment as a second defense. *Held* that plaintiff's demurrer to the first defense upon the ground that it was in legal effect

Carroll, Trustee, *v.* Weaver et al.

a plea of payment, which could only be raised by an affirmative defense, was properly overruled by the court.

As a general rule a trustee in insolvency takes the estate of the insolvent subject to such burdens as the debtor has imposed upon it, and to such equities as would have been good against the debtor. · Hence an indebtedness due from the insolvent at the commencement of the insolvency proceedings, may be set off against a debt sought to be recovered by the trustee from one indebted to the insolvent.

Where the complaint was framed to recover a balance alleged to have been due the insolvent at the commencement of the insolvency proceedings, and for nothing else, the plaintiff cannot recover for moneys which had, within sixty days before that time, been attached by process of foreign attachment in the hands of the defendant, and paid out by him at the request and upon orders of the insolvent. A reply setting up such facts as a basis for such claim may properly be struck out upon motion of the defendant.

The defendant in his amended answer alleged that prior to the commencement of the insolvency proceedings the insolvent had directed him in writing to pay about $1,100, to one *N*, who had furnished materials for the construction and equipment of the vessel; that *N* had brought a suit against him, the defendant, on said order and obtained a judgment, the amount of which the defendant had paid; and that by reason thereof the insolvent was, at the commencement of the insolvency proceedings, in fact indebted to him, the defendant, in the amount of such order; and requesting the court to order the plaintiff to make said insolvent a party to the suit. *Held* that such amendment was not demurrable upon the ground that it did not, in substance, allege an acceptance of the order in favor of *N*.

A debtor who in fact accepts a written order of his creditor to pay money to a third person, is then entitled to a credit to the amount of such order; it is immaterial that actual payment was not then made, if the debtor was solvent and his liability fixed. It is also immaterial that the debtor supposed he had not accepted the order and paid it only at the end of a lawsuit.

The Practice Act does not permit a third person to be made a party to a pending suit, where his presence or absence cannot affect the judgment to be rendered between the plaintiff and defendant.

Where it appears from the record that an error of law by the trial court has not harmed the party claiming to be aggrieved thereby, such error furnishes no ground for a new trial.

[Argued June 6th—decided September 1st, 1894.]

ACTION to recover balance of contract price for the construction of a schooner, brought to the Superior Court in Fairfield County, and tried to the court, *Shumway, J.;* facts found and judgment rendered for the defendant and

appeal by the plaintiff, Carroll, for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Allan W. Paige* and *George P. Carroll*, for the appellant (plaintiff).

*Charles H. Fowler*, for the appellee (defendant).

TORRANCE, J.   On the 10th of January, 1891, one William E. Hunt agreed to build a schooner for the defendant Weaver, for which the latter agreed to pay Hunt twenty-five thousand dollars.   The vessel was completed according to the contract, and accepted by Weaver on the 22d of October, 1891.   On the 19th of December of the same year the plaintiff was appointed trustee in insolvency of Hunt, and the present suit by him, as such trustee, was brought March 18th, 1892.

In his complaint the plaintiff alleged that defendant had paid Hunt up to October 20th, 1891, on account of the contract price of said vessel, $17,725, and this suit was brought to recover the balance of said price claimed to be due and owing to Hunt at the date of the proceedings in insolvency. In substance the defense was that this claimed balance had been paid prior to the proceedings in insolvency.

The matters and items of payment really in dispute between the parties, were comparatively few in number and very simple; but the pleadings subsequent to the complaint, consisting of a somewhat numerous array of answers, partial answers so called, replies, partial replies so called, demurrers and statements, interspersed with frequent amendments, and sundry motions with rulings and orders thereon, present these matters in a way that seems unnecessarily confused and complicated.

In the court below judgment was rendered for the defendant, and the plaintiff took the present appeal for certain claimed errors of law, and also, under chapter 174 of the Public Acts of 1893, for certain claimed errors committed

by the court in its conclusions of fact. Under the last named statute, the defendant in a written request consisting of thirty-three paragraphs, asked the judge to incorporate in his finding certain facts claimed to be proved by the evidence in the case. Twenty-one of said paragraphs the judge found to be proven and the remainder not proven. The evidence bearing upon the facts embodied in said written request is made part of the record.

The claimed errors in the conclusions of fact, set forth in the reasons of appeal, furnish no ground for an appeal from the judgment, and can only be considered by this court so far as they relate to the claimed errors of law assigned upon the record, and for the sole purpose of completing the record so as to fully present the matters out of which it is claimed those errors of law arise. *Styles* v. *Tyler*, 64 Conn., 432; *Meriden Savings Bank* v. *Wellington*, 64 id., 553. In the case at bar, the relation of the claimed errors of fact to the errors of law assigned, is obscure and doubtful, and we can see no reason for a correction of the finding. This disposes of all the claimed errors of fact assigned upon the record, and leaves the claimed errors of law for consideration in the light of all the facts found, including those in the finding proper and also those found proven in the plaintiff's written request aforesaid.

As these errors of law relate principally to the state of the pleadings prior to the time when the parties went to trial, and to the motions made with reference thereto, and the rulings on such motions, it may be proper here to set forth in substance the state of the pleadings at the time when the parties went to trial. The defendant's answer then consisted of three defenses : the first being, in effect, a general denial; the second was a plea of payment; and the third a claim by way of set-off. Under his defense of payment and his claim of set-off, the defendant in November, 1893, filed an itemized statement of the payments made to Hunt, or for him at his request, on account of the contract price of said schooner, giving the date of payment, the amount so paid, the name of the payee, and for or on account of what the payment was

made.   For our present purpose it is enough to say that the plaintiff in his reply admitted certain of said items and certain of them he denied, and it was chiefly upon the issues so formed that the trial was had.   The court below found all the disputed items, save one, in favor of the defendant, and found that at the time when the insolvency proceedings against Hunt were commenced, the defendant was not indebted to him; and this conclusion is final and must stand, unless in reaching it, or in the trial of the case, the court below committed some error of law prejudicial to the plaintiff and which entitles him to a new trial.

The claimed errors assigned are twenty-six in number, but as the last of them is a mere general assignment it need not be considered; and as nine of them—numbered from eight to sixteen inclusive—are claimed errors of fact which have already been disposed of, they may be laid out of the case.   The claimed errors of law remaining will be briefly considered in the numerical order of their assignment.

In his first defense as finally amended, the defendant admitted most of the allegations of the complaint, but denied that he owed the balance claimed.   The plaintiff, apparently treating this defense as a plea of payment, demurred to it chiefly on the ground that the issue of payment could only be raised by an affirmative defense.   The court overruled the demurrer and this is the first error assigned.   This defense was not a plea of payment, nor was it intended as such; the second defense was such a plea, but the first defense, though hardly a model of its kind, was in effect a general denial that anything was due.   We think the demurrer to it was properly overruled, and furthermore that even if this was not so, the action of the court under the circumstances did the plaintiff no harm.

The second error assigned, relates to the overruling of the demurrer to the third defense.   This was a plea or claim by way of set-off alleging in substance, that at the time of Hunt's assignment in insolvency, he was indebted to the defendant "in the amount as stated in paragraph I of the 2d defense."   This reference in effect incorporated the item-

ized statement filed under the defense of payment, just as
it stood, as a part of the third defense, and it really showed
a payment made by the defendant rather than an indebted-
ness due to him.   In this respect this defense was informal
and defective, but the demurrer was not so much, if at all,
to the form of it, but to its substance ; on the ground that
an indebtedness due from Hunt to the defendant at the com-
mencement of the insolvency proceedings could not be set
off against the claims of the plaintiff as trustee.   That the
demurrer was to the substance of this defense, rather than
to its form, clearly appears from the brief of the plaintiff in
support of this point.   This ground was not well taken and
the demurrer was properly overruled.   As a general rule a
trustee in insolvency takes the estate of the insolvent, sub-
ject to such burdens as the debtor has imposed upon it and
to such equities as would have been good against the debtor.
*Merwin* v. *Austin*, 58 Conn., 22.   Moreover as it does not
appear that the court below allowed any set-off as such or
had any occasion to do so, and the case was tried on the
pleadings as finally amended, the action of the court in over-
ruling this demurrer cannot possibly have done the plaintiff
any harm.

The plaintiff next complains because the court on defend-
ant's motion, struck out the plaintiff's " Second partial reply
to the amended second partial defense of October 25th or
26th."   In this reply it was alleged, in substance, that
within sixty days of the commencement of the insolvency
proceedings, the money owed by the defendant to Hunt for
the schooner had been attached in the defendant's hands by
certain creditors of Hunt in three separate suits ; that the
claims of those creditors with costs of suit, amounting to
over five hundred dollars, had been subsequently allowed
by the commissioners on Hunt's insolvent estate, and the
allowance approved by the court of probate ; and that cer-
tain orders of Hunt upon the defendant which the defend-
ant alleged he had accepted, and certain sums of money
which the defendant alleged he had paid for and at the
request of Hunt, had been so accepted and paid after he had

been garnisheed in said suits.   The claim of the plaintiff
appears to be that on the institution of the proceedings in
insolvency, the money thus attached became the property of
the trustee to be turned over to him eventually, and that the
fact that after the money had been attached, the defendant
accepted orders or paid out money at the request of Hunt
was no answer to the plaintiff's claim for the money so
attached in defendant's hands.   The reply in question ap-
pears to have been filed as a basis for making such a claim.
Upon the validity of that claim we express no opinion.   It
is sufficient to say that in this suit it had properly no place.
The suit was brought to recover a balance which the com-
plaint alleged was due to Hunt at the commencement of the
insolvency proceedings, and for nothing else ; it was not
brought to recover for money or property of Hunt attached
in defendant's hands, and which he had wrongfully or im-
properly disposed of.   In striking out the reply in question
the court committed no error.

The next three errors assigned arise out of the action of
the court in the matter of the Newhall & Co. order, and in
citing in Hunt as co-plaintiff.   It appears that Newhall & Co.
had furnished materials to Hunt for and in the construction
and equipment of the schooner, to the amount of $1,073.69,
and on the 19th of October, 1891, Hunt drew a written
order upon the defendant for said amount in favor of New-
hall & Co.   Apparently there was some dispute between the
defendant and Newhall & Co., as to whether the defendant
had accepted said order, for Newhall & Co. brought a suit
against the defendant in the Superior Court for New Haven
county, upon a claimed acceptance of said order made on
October 19th, 1891.   In February, 1893, that suit was deter-
mined in favor of Newhall & Co., and shortly thereafter the
defendant paid said judgment.   In April, 1893, the defend-
ant filed in the case at bar an amendment to his answer in
which he set out in substance the above facts, and alleged that
by reason thereof he was not indebted to Hunt at all at the
commencement of the insolvency proceedings, but that Hunt
at that time was really and in fact indebted to him in the

sum of twelve hundred dollars; and he appended to this amendment to his answer a written motion, asking the court to order the plaintiff to make Hunt a party to this suit. This motion was allowed and the plaintiff, against his objection and protest, was ordered to make Hunt a co-plaintiff, which order was subsequently complied with and Hunt became a party to the suit. The plaintiff demurred to the said amendment to the answer, because it did not allege that the defendant accepted said order in favor of Newhall & Co., because it did not appear that the present plaintiff was a party to the action therein referred to, because " said action appears to have been *res inter alios acta*, and because the facts there stated are insufficient in substance to constitute a defense to the whole or to any part of the complaint."

The answer in question is quite susceptible of improvement in its mode of statement; it sets out evidence to a certain extent instead of alleging facts; but, after all, we think it in substance alleges that the defendant on the 19th of October, 1891, accepted the order in question and subsequently paid it in full; and the demurrer is, to the substance of it, rather than to the form. We think the demurrer was properly overruled.

Moreover subsequently, in his statement filed in November, 1893, the defendant explicitly alleged that he accepted said order on the 19th of October, 1891, and the parties were at issue upon that allegation and the court, upon evidence not objected to, has found it in favor of the defendant. The court allowed only the amount of the face of the order when accepted. If the defendant in fact accepted the order on the 19th of October, 1891, as the court below has found, he was then entitled to credit for it on the price of the schooner. It made no difference that it was not then paid, if the defendant was solvent and his liability fixed; *Merwin* v. *Austin*, 58 Conn., 22; nor that defendant supposed he had not accepted the order, nor that he paid it at the end of a lawsuit. In view of what was thus done subsequently in the case, it clearly appears that no harm was done to the plaintiff by the overruling of this demurrer, even if the court as he claims erred in so doing.

This same thing is true of the next claimed error, in striking out certain paragraphs of the reply filed by the plaintiff after the demurrer in question was overruled. In view of what subsequently was done in the case this claimed error did the plaintiff no harm.

In ordering and compelling the plaintiff to bring in Hunt as a party to the suit, we think the court committed an error. His presence or absence could not in any way affect the judgment to be rendered between the plaintiff and defendant; and in such a case the Practice Act does not permit him to be. made a party. *State* v. *Wright*, 50 Conn., 581. It does not appear, however, by the record, that the plaintiff was harmed in any way by the fact that Hunt was made a party, or by any of the proceedings. that subsequently took place in consequence of his admission as such party, and the error cannot avail him as a ground for a new trial. *Burns* v. *Fredericks*, 37 Conn., 86–92 ; *Butler* v. *Barnes*, 61 id., 399–402.

Hunt after he became a party to the suit, filed a demurrer to the amended answer of the defendant filed in April, 1893, which demurrer the court overruled ; and this action of the court is assigned by the plaintiff for error. This clearly did him no harm, and moreover, as Hunt has not appealed from the judgment rendered against him, the claimed error cannot avail the plaintiff on this appeal.

The next assignment is for the claimed error of the court in finding certain specified facts although the same "had not been put in issue by the pleadings in the case." The ground of this assignment is not, we think, sustained by the record.

On the trial of the case the plaintiff made certain claims of law, based upon the facts as he claimed them to be, and the remaining assignments .of error relate to the overruling of these claims. In regard to all of these it is sufficient to say that the court did not find the facts to be as the plaintiff claimed, and that upon the facts as found by the court these law claims were properly overruled.

There is no error.

In this opinion the other judges concurred.