FERDINAND B. SMEDLEY *vs.* THE FAIR HAVEN AND WEST-
VILLE RAILROAD COMPANY.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, HAMERSLEY, HALL and THAYER, Js.

The jurisdiction of this court extends only to the correction of errors of
law; it does not embrace the retrial of questions of fact determined
by the lower court.

Argued October 30th—decided December 18th, 1900.

ACTION to recover damages for personal injuries claimed
to have been caused by the defendant's negligence, brought
to the Superior Court in New Haven County and heard in
damages to the court, *George W. Wheeler, J.;* facts found and
judgment rendered for the plaintiff for $4,000 damages, and
appeal by the defendant for alleged errors in the rulings and
findings of the court. *No error.*

The case is sufficiently stated in the opinion.

*George D. Watrous* and *Harry G. Day*, for the appellant
(defendant).

*Prentice W. Chase* and *John Elliott*, for the appellee (plain-
tiff).

ANDREWS, C. J. The assignments of error in this appeal
are all of them in respect to some conclusion to which the
trial court came upon the evidence before it. The testimony
has been certified to this court. We have read it with con-
scientious care—prompted to do so by the zeal and apparent
confidence with which the case was presented in this court
by the appellant—and we are compelled to say that none of
these assignments present a question on which this court can
pass. We repeat here what we said in *Thresher* v. *Dyer*, 69
Conn. 404, 408: "Apparently the testimony certified fully jus-
tified the trial court in the conclusion of fact which it reached;
but we cannot pass on this question. It is firmly settled by
the decisions of this court that our jurisdiction does not ex-

tend to the retrial upon the testimony, of the facts, based on some evidence, on which the judgment of a trial court, proceeding according to the rules of law, is founded. And it is immaterial whether such retrial is sought under the claim that the court erred in reaching a conclusion of fact from the testimony, or under a claim of error in law because a judgment, plainly valid upon the facts settled by the trial court, would be as plainly invalid if it had been rendered on different facts such as might be settled by this court after a retrial on the evidence. The thing actually sought, in either case, is a retrial of facts by an appellate court whose jurisdiction relates only to the correction of errors of law."

In a previous case, Neilson v. Hartford St. Ry. Co., 67 Conn. 466, 470, we said : " The errors alleged . . . are purely and simply errors of fact; that is, they are errors of a judge in reaching specific conclusions of fact from and upon consideration of the evidence in the case; and the review of these errors of fact is not sought for the purpose of correcting the finding in order to present the only question of law decided by the trial court adversely to the defendant, for that is sufficiently presented without such review; but it is sought solely for the purpose of obtaining a new trial of the cause."

The assignments are not, therefore, exceptions which this court can consider. Carroll v. Weaver, 65 Conn. 76 ; Scott v. Spiegel, 67 id. 349. These authorities, and the others therein cited, govern the present case and show that there is no error in the judgment.

There is no error.

In this opinion the other judges concurred.