ABBIE S. LOWNDES ET ALS., ADMINISTRATORS, *vs.*
THE CITY NATIONAL BANK ET AL.

Third Judicial District, Bridgeport, April Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An assignee of a chose in action may bring suit thereon in the name of the assignor, as at common law, or in his own name, setting forth in his complaint that he is the actual and bona fide owner thereof, and when and how he acquired title, in accordance with General Statutes, § 631.
While the law encourages, it does not compel, the settlement of all

Lowndes *v*. City National Bank.

controversies between the same parties by a single action. A plaintiff may bring suit upon one of several causes of action which he may have against the defendant, or join them all; and a defendant may or may not, as he sees fit, plead a set-off or counterclaim which he has against the plaintiff.

Neither party to a suit can require a stranger to be cited in either as coplaintiff or codefendant, in order to enable one of them to litigate with him a claim in no way connected with the matter on trial, and whose presence or absence cannot in anywise affect the judgment to be rendered between the original parties.

An administrator, who was also cashier of the defendant bank, misappropriated the funds of the estate for the bank's benefit, and his surety, an indemnity company, paid the estate the amount of its loss, took an assignment of its claim against the bank, and sued the bank in the name of the estate. *Held* that the bank could not compel the indemnity company either to sue in its own name or be made a codefendant, merely to enable the bank to collect in such suit the amount of a bond which the indemnity company had given the bank as surety for its cashier, inasmuch as the two causes of action and the transactions out of which they respectively arose were entirely distinct and independent.

Submitted on briefs April 11th—decided May 1st, 1907.

APPEAL by the defendant bank from a judgment of the Superior Court in Fairfield County, *Shumway, J.*, dismissing the Ætna Indemnity Company as a party defendant in said action. *No error.*

The administrators of the estate of Theodore S. Lowndes, deceased, sought to recover a balance of $58,000, of the moneys of the estate, deposited in the defendant's bank. The defendant filed a motion that the plaintiffs be ordered to cite in the Ætna Indemnity Company as a coplaintiff. This motion was denied by the court, *Shumway, J.*, and the defendant then filed a motion that the Ætna Indemnity Company be ordered to prosecute the action in its own name, or be cited in as a codefendant. It was cited in as codefendant and filed a demurrer to the motion, which was sustained by the court, *Shumway, J.*, and judgment was rendered in its favor for costs. The defendant appealed to this court assigning these rulings as error.

*John H. Light* and *William F. Tammany*, for the appellant (defendant City National Bank).

*James H. Webb,* for the Ætna Indemnity Company (cited in as a codefendant).

·THAYER, J. This action was brought to recover a balance of moneys and funds of the estate of Theodore S. Lowndes, deceased, deposited in the defendant's bank by one Layton, who was the predecessor of the plaintiffs as administrator of the estate, and was also cashier of the defendant. The motions state that this balance was misappropriated by Layton, and the complaint shows an attempt on his part, with the knowledge and consent of the defendant, to appropriate it to the· purpose of taking up worthless and dishonored checks, notes and other securities of various persons, which the defendant had paid and was then carrying as a part of its cash assets, and for which the estate was in no manner liable or obligated, and received no benefit. Layton was removed as administrator and the plaintiffs appointed in his place. They demanded said balance of the defendant, and it refused to pay the same or honor their checks drawn therefor. Layton had given an ample probate bond, with the Ætna Indemnity Company as surety, for his faithful discharge of the duties of administrator. The surety, upon demand by the plaintiffs, paid them the amount of said balance, $58,000, and took from them an assignment of all their rights and claims against the defendant. It thereupon instituted this suit in the name of the plaintiffs, and is prosecuting it at its own expense and for its sole benefit. Layton, as cashier, gave the defendant a bond of $10,000, with the Ætna Indemnity Company as surety, for his faithful performance of his duties as cashier. He was unfaithful in the performance of those duties, whereby the defendant lost upward of $10,000, and has a claim for that amount against the surety. After this action was brought the defendant requested the Ætna Indemnity Company to maintain the action in its own name, and it refused. It thus appears that the defendant has an independent claim against the Ætna Indemnity Company which is in no way connected with the cause of action set

up in the complaint, or with the transaction out of which it arose. All questions between the parties to the controversy in suit can be fully determined without consideration of the defendant's claim, and without prejudice to the defendant or any other party. Treating the action as one between the plaintiffs and the defendant, it is too clear for discussion that the Indemnity Company cannot properly be made a codefendant to enable the present defendant to litigate with it a claim in no way connected with the matter in suit. *State* v. *Wright*, 50 Conn. 580, 583. The court was right, therefore, in sustaining the demurrer to the second motion, so far at least as it asked that the Indemnity Company be cited in as codefendant. The same is true of the court's action in denying the defendant's motion that the Ætna Indemnity Company be cited in as a coplaintiff. Its presence or absence could not in any way affect the judgment to be rendered between the plaintiffs and the defendant, and in such a case, as was said in *Carroll* v. *Weaver*, 65 Conn. 76, 84, 31 Atl. 489, the Practice Act does not permit it to be made a party.

The defendant urges that by making the Ætna Indemnity Company a coplaintiff, or sole plaintiff, a multiplicity of actions may be avoided. While the law encourages, it does not compel, the settlement of all controversies between the same parties by a single action, A plaintiff, therefore, may bring suit upon a single one of several causes of action which he may have against the same party, and a defendant may or may not, as he sees fit, plead a set-off or counterclaim which he has against such plaintiff. Thus the defendant in the present case, if his motion were to be granted, could not be compelled to set off his alleged debt against the Indemnity Company's demand. It does not follow, therefore, that a multiplicity of suits would be avoided were the defendant's motion to be granted. But the Indemnity Company, as assignee of a chose in action, had an election to bring the suit in its own name or in that of the assignors. At common law it must have brought it in the name of the assignors, but now by § 631 of the General Stat-

utes it may bring it in its own name, by setting forth in the complaint that it is the bona fide owner of the claim and when and how it acquired it. The statute, however, does not supersede the bringing of actions in the name of the assignor. *Saugatuck Bridge Co.* v. *Westport*, 39 Conn. 337, 349. Having elected to bring the action in the name of the assignors, and as a full adjudication upon the subject-matter put in controversy can manifestly be had without prejudice to the rights of the defendant or any other party, the court cannot deprive it of such election at the election of the defendant. The court, therefore, properly sustained the demurrer as a whole upon that ground.

The record discloses that the Ætna Indemnity Company was summoned in as codefendant, that it appeared, answered to the complaint, demurred to the motion and moved for a more specific statement of the cause of action set up in a counterclaim which was filed by the defendant after the demurrer was filed. As no question of any irregularity in this procedure was raised, we deem it to have been waived.

There is no error.

In this opinion the other judges concurred.