ANJEANNETTE ALLEN, ADMINISTRATRIX, *vs.* PRENTICE W. CHASE.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

By voluntarily filing a substituted answer a defendant waives his right to challenge the correctness of the ruling of the trial court upon the original.

A defendant cannot bring in third parties in order to litigate with them matters which are in no way connected with the suit.

Clerical amendments of the complaint which do not change the issues, as well as one which only increases the amount of the *ad damnum* clause, are permitted at any time before verdict, at the discretion of the trial court.

A motion to continue a cause is addressed to the judicial discretion of

the trial court, whose action thereon is reviewable only for a clear abuse of such discretion.

In the present instance the case had been repeatedly continued on motion of the defendant's counsel because of the alleged illness of his client, and the parties had finally agreed on Tuesday that the trial should proceed on the following Thursday whether the defendant was present or not. On that day the defendant's counsel again moved for a continuance, upon the same ground as before, which was denied; whereupon he presented an affidavit of what he believed the defendant would testify to if he were in court, and renewed his motion to continue unless the plaintiff would consent to the admission of such affidavit in evidence, which the plaintiff declined to do. *Held* that the rule of court invoked by the defendant (Practice Book, p. 255, § 187) was framed not for the purpose of securing but of avoiding a continuance; that the facts found justified the trial court in believing that the defendant's motion was made solely for purposes of delay; and that in refusing a continuance there was no abuse of the judicial discretion.

Argued November 17th—decided December 18th, 1908.

ACTION to recover money alleged to have been paid to the defendant for and on account of the plaintiff's intestate, brought to the Court of Common Pleas in Fairfield County where a demurrer to the answer was sustained (*Curtis, J.*), one to the amended or substitute answer was overruled (*Pullman, Acting-Judge*), and the cause was afterward tried to the jury before *Foster, Acting-Judge;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Robert J. Woodruff,* for the appellant (defendant).

*Samuel A. Davis,* for the appellee (plaintiff).

THAYER, J. By filing a substituted answer the defendant waived all right to thereafter question the correctness of the ruling sustaining the demurrer to the original answer. *Mitchell* v. *Smith,* 74 Conn. 125, 127, 49 Atl. 909; *Burke* v. *Wright,* 75 Conn. 641, 643, 55 Atl. 14.

The defendant moved that Sturges Whitlock be cited in

as a party defendant, basing the motion, apparently, upon the facts set up in the substituted answer. Those facts did not show that Whitlock's presence as a party was in any way essential to a proper determination of the controversy between the plaintiff and the defendant, or that he had or claimed to have any interest in that controversy. A defendant is not permitted to bring in third parties for the purpose of litigating with them matters in no way connected with the suit. *State* v. *Wright,* 50 Conn. 580, 583; *Carroll* v. *Weaver,* 65 id. 76, 84, 31 Atl. 489; *Lowndes* v. *City National Bank,* 79 Conn. 693, 696, 66 Atl. 514. The motion was therefore properly denied.

The amendments to the complaint were clerical ones which did not change the issues, and an increase of the amount named in the *ad damnum* clause. Such amendments are permitted at any time before verdict, at the discretion of the court, and their allowance in the present case affords the defendant no just cause for complaint.

When the case was called for trial on April 28th, 1908, the day for which it was assigned, counsel for the defendant moved for its continuance upon the ground that the defendant, who was an important witness, was confined to his house by illness, and produced a certificate of a physician as to the illness. The cause had already on more than one occasion been continued on motion of the defendant, and a judgment by default had once been entered against him because of his failure to appear, either in person or by attorney, or in any way to explain his nonappearance. The default had been opened and the case had been pending for some years. It was the last case to be tried by the jury in attendance. The court suggested that the case be postponed to the following day, before which time a reputable physician to be named by the plaintiff might examine the defendant and report his condition to the court, and the defendant might produce in court the physician whose certificate had already been presented. Thereupon counsel for

the defendant moved that the cause be continued until
Thursday, April 30th, agreeing that the cause should then
proceed to trial whether the defendant was present or not,
and that if it should appear that the defendant was to be
prevented by illness from appearing in court, his counsel
would, on April 29th, notify counsel for the plaintiff, and on
that day take the defendant's deposition. The plaintiff's
counsel agreed to this and the court continued the case
to April 30th. Counsel for the defendant did not take
his deposition or notify counsel for the plaintiff, but on
April 30th appeared and moved for the continuance of the
cause upon the same ground as before, producing a physi-
cian's certificate, sworn to before a notary public, but did
not produce the physician. The court denied the motion.
Thereupon counsel for the defendant prepared an affidavit,
signed and sworn to by himself, wherein he stated what he
believed the defendant would swear to if he were in court,
and moved that the cause be continued unless counsel for
the plaintiff would consent that said affidavit be introduced
as evidence in the case. The plaintiff's counsel declined to
consent to the admission of the affidavit in evidence, and
objected to the same. The court then overruled the motion
for a continuance and ordered that the parties proceed with
the trial of the case.

It is assigned as error that the court abused its discretion
in thus refusing to grant a continuance. After the case had
been postponed for two days upon the agreement of the de-
fendant's counsel that he would then be ready to proceed,
it was his duty to be ready or if not ready to offer some
explanation therefor. So far as the record discloses, no
excuse was given or attempted for failing to keep that
agreement. Had the deposition been taken, the trial could
have proceeded. If the defendant was unable to give the
deposition, that excuse could have been offered. The de-
fendant's counsel, without such excuse, renewed his original
motion, that the case be continued because of the illness of

the defendant. The court, upon these facts, was entirely justified in refusing to continue the case.

Section 187 of the Rules (Practice Book, 1908, p. 255) is for the benefit of the party opposing a motion for a continuance. If he requires it, a motion for a continuance on account of the absence of a material witness must be supported by an affidavit, stating the name of the witness and the particular facts which, it is believed, can be proved by him, with the grounds of such belief. If the party opposing the motion will admit that the absent witness would, if present, testify to the facts stated in the affidavit, and will agree that the same shall be received in evidence on the trial, the court may refuse to continue the cause. Trial courts, upon such applications for a continuance, have doubtless, in some cases, upon their own motion, required counsel to prepare a statement of what the absent witness would testify if in court, and upon the refusal of the opposing counsel to admit that the witness would so testify have granted a continuance of the case. Where the court, or the party opposing the motion, thus requires the statement, it is for the purpose of avoiding a continuance of the cause, and such is the purpose of the rule; but in the present case the defendant volunteered the statement, manifestly for the purpose of obtaining a continuance. To permit a party to do this would be an abuse of the rule. The defendant's counsel knew, in the present instance, that the plaintiff was entitled to better proof of what the defendant would testify to. He had promised two days before, that if the defendant was unable to be in court his deposition should be taken upon notice to the plaintiff, so that he could be present and cross-examine. Having failed to keep this agreement, and offering no explanation of his conduct, the defendant was in no position to claim a continuance upon the ground that the plaintiff refused to agree that the statement should be received in evidence. The court, upon the facts appearing in the record, was justified in believing that

the motion was made solely for purposes of delay, and it was no abuse of discretion to refuse a continuance.

In view of what has been said, it is unnecessary to consider the defendant's claim, that the court's conduct in denying a continuance was a denial of justice and violated the defendant's rights under § 12 of Article First of the Constitution of this State.

There is no error.

In this opinion the other judges concurred.