## M. & R. TRANSPORTATION CO.
*vs.*
## WILLIAM F. READ ET ALS.

Superior Court      New Haven County      File No. 59183

MEMORANDUM FILED JANUARY 15, 1941.

*Philip R. Shiff,* of New Haven, for the Plaintiff.

*Campner, Pouzzner & Hadden,* and *Francis J. Moran,* of New Haven, for the Defendants.

BALDWIN, J. Plaintiff has brought its action in negligence against the named defendant and one William Parker and the Highway Express Company. It appears from the complaint that the plaintiff was driving a truck southerly on the Berlin Turnpike, that the named defendant was driving an automobile northerly on the turnpike being followed by a truck of the defendant Highway Express Company, which was being operated by the defendant Parker.

It further appears that after the Highway Express Com-

pany truck collided with the Read car the truck came across the road and collided with the plaintiff's truck. The plaintiff has brought this action, setting up negligence on the part of these operators, to recover for the resulting damage.

The defendant Highway Express Company has filed a cross complaint against the defendant Read and claims damages under this cross complaint for injuries to its truck, and this defendant moves to strike out this cross complaint upon three grounds: First, the matters alleged in the cross complaint are not connected with, and do not arise out of the matter in controversy under the complaint. Second, matters alleged in the cross complaint are not so connected with the matter in controversy under the complaint that consideration is necessary for a full determination as to the matter in controversy. Third, matters alleged in the cross complaint are of a wholly independent character and constitute a claim against a co-defendant.

The matter in controversy under the complaint is the right of this plaintiff to recover from these defendants, or any one of them, on account of negligence of any of them, which negligence was a substantial factor causing its injuries. It is negligence causing the plaintiff's injury and not negligence causing injury to some other, even if that other is one of the defendants—that is another controversy, and it arises between these defendants and not between any defendant and the plaintiff. And for a determination of the controversy arising under the allegations of the complaint—between the plaintiff and the several defendants—it is not necessary to determine the controversy between any of these defendants: indeed, the plaintiff is entitled to have his controversy determined without the injection of complications arising from a controversy which is between the defendants themselves and is not at all necessary to be determined in the matter of determining plaintiff's claims.

"It is the settled law of this court that a decree between co-defendants, grounded upon the pleadings and proofs between the complainant and the defendants, may be made; and it is the constant practice of the court to do so to prevent multiplicity of suits. But such decree between co-defendants, to be binding upon them, must be founded upon and connected with the subject matter in litigation between the complainant and one or more of the defendants." *Harral vs.*

*Leverty,* 50 Conn. 46, 63, quoting *Elliott vs. Pell,* 1 Paige (N.Y.) 268. *See, also, Downing vs. Wilcox,* 84 Conn. 437, 440; *Schaefer vs. O. K. Tool Co., Inc.,* 110 id. 528, 530; *Hartford-Conn. Trust Co. vs. Riverside Trust Co.,* 123 id. 616, 631.

The motion to strike out is granted.