## JOSEPH GIULIANO
*vs.*
## COLONIAL BEACON OIL CO.

Superior Court        Hartford County        File No. 71899

MEMORANDUM FILED DECEMBER 26, 1945

*Anthony M. Tapogna,* of Hartford, for the Plaintiff.

*Shipman and Goodwin,* of Hartford, for the Defendant.

MELLITZ, J. The defendant herein moves to cite in William C. Johnson as codefendant on the ground that said Johnson is the lessee in possession of the premises where the plaintiff was allegedly injured, and that under the terms of a written lease Johnson agreed to indemnify and save the defendant harmless from liability for damages for injuries sustained on the leased premises.

The defendant cites *Waterbury vs. Waterbury Traction Co.,* 74 Conn. 152, at page 163, and a recent unreported decision in the Supreme Court of New York sitting in the County of Monroe where, the defendant herein was the defendant and prevailed in a motion similar to that here presented.

The portion of the opinion in the *Waterbury* case to which the defendant alludes does not support the defendant's position. The court there said, speaking of one who occupied a relationship somewhat similar to that of Johnson to the defendant in this case, "Had it desired it could have been made a party, upon its own application to the court." The authority cited by the court for this statement was what is now section 5521 of the General Statutes, Revision of 1930, the last sentence of which reads as follows: "If a person not a party shall have an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party." So here, if Johnson, whom the defendant seeks to have cited in, on his own application had sought to be made a party, he would be entitled to be made a party defendant, upon a proper showing of his interest.

In New York, authority for the granting of a motion of the nature here presented is found in the express provisions of subdivision 2 of section 193 of the Civil Practice Act. The counterpart of our statute, section 5521, is found in subdivisions 1 and 3 of section 193 of the New York Civil Practice Act, but there is no provision in our statutes similar to subdivision 2 of section 193 of the New York Civil Practice Act, which provides specifically that a party charged with liability may bring in another party liable to indemnify the party charged. In this state the rule continues to be as set forth in *State vs. Wright,* 50 Conn. 580, 583: "The Practice Act does not permit a

defendant to burden a cause and delay its progress to a conclusion by citing in parties whose legal relation is only to himself, and by raising for determination issues which can by no possibility affect the judgment to be rendered."

The motion is denied.