This is an action wherein the plaintiff alleges a breach of a written new-vehicle warranty by the defendants on two trucks manufactured and built by the defendant The General Motors Corporation. The defendant The Town and Country Chevrolet Company filed a counterclaim against the defendant The General Motors Corporation to which a motion to expunge was filed.
A cross complaint may be addressed by one defendant against a codefendant as long as it relates to the transaction upon which the main case is founded.New Haven Metal Heating Supply Co. v. Flanagan,7 Conn. Sup. 195. In the matter at bar, the substance of the complaint and the counterclaim is a written warranty which runs with the vehicle. The *Page 174 
counterclaim is related and germane to the complaint, and full consideration of both is essential to a complete adjudication of the rights of all the parties to the action. Puleo v. Goldberg, 129 Conn. 34,37. The relationship in both is contractual.
Although the preferred practice is for the defendant The Town and Country Chevrolet Company to commence a new action against the defendant The General Motors Corporation and then move to consolidate, this would accomplish nothing but the expenditure of more time, energy and costs. The rights between the defendants must be litigated at some future time. Why delay, if this can be accomplished in this action? It is the constant practice of the court to prevent multiplicity of suits. M. R.Transportation Co. v. Read, 9 Conn. Sup. 77, 78. Our rules of practice should be liberally construed.
 Accordingly, the motion to expunge the counterclaim of the defendant The Town and Country Chevrolet Company is denied.