GEORGE A. PALLANCK, ADMINISTRATOR (ESTATE OF ELSIE JANE PALLANCK) v. CYRIL AND JULIA C. JOHNSON MEMORIAL HOSPITAL, INC., ET AL.

SUPERIOR COURT    TOLLAND COUNTY    FILE NO. 10393

Memorandum filed December 13, 1965

*RisCassi, Davis & Linnon,* of Hartford, and *F. Joseph Paradiso,* of Stafford Springs, for the plaintiff.

*Gordon, Muir & Fitzgerald,* of Hartford, and *Pigeon & Gnutti,* of Rockville, for the named defendant.

*Wiggin & Dana,* of New Haven, for defendant E. F. Mahady Company.

*Robinson, Robinson & Cole,* of Hartford, for defendant McKesson Appliance Company, division of American Cryogenics, Inc.

*Snow Gene Munford,* of Hartford, for defendants McKesson Appliance Company, division of American Cryogenics, Inc., and Melchior, Armstrong, Dessau, Inc., division of Hillman Coal and Coke, Inc.

*Courtney, Mansfield, Sullivan & Ripley,* of Hartford, for defendant Peter Negrelli.

*Regnier, Moller & Taylor* and *Day, Berry & Howard,* of Hartford, for defendant David S. Hastings.

SHAPIRO, J. Plaintiff, administrator of his wife's estate, seeks damages from all the named defendants which he alleges to be due to negligence, defective parts and equipment, and improper administration of anesthesia to her at defendant hospital, resulting in nitrous oxide rather than oxygen being administered to her and thereby causing her death. All defendants and their alleged respective parts in the chain of events leading to the death are recited and described in the complaint.

The third count of the complaint is directed against three defendants, E. F. Mahady Company, McKesson Appliance Company, and Melchior, Armstrong, Dessau, Inc. There it is alleged that the defendant hospital contracted with McKesson for the purchase and/or installation of anesthesia machines in said hospital; that the hospital contracted with Mahady for the installation of pipings,

hoses, adapters, and fittings which were to run from the machines into the operating rooms; that Mahady employed Melchior for the purpose of providing adapters for certain oxygen lines; that said adapters were attached to the machines in question in an improper and negligent manner so that the machine which was to supply oxygen in fact supplied nitrous oxide; and that the death was caused by the negligence of these defendants in various ways specified.

In its answer, defendant Mahady has filed a cross complaint against defendant Melchior, alleging a contractual violation and that the latter was negligent in causing wrong parts to be sent to the defendant hospital, and seeking indemnity by way of a judgment in the amount of such judgment, if any, as the plaintiff may recover from Mahady. Defendant Melchior has filed this motion to expunge the cross complaint.

Melchior's motion to expunge is basically grounded on the proposition that the cross complaint does not concern the plaintiff, nor is its determination necessary to a decision in the suit between plaintiff and the defendants; that the Practice Book gives no authorization for such action; that the cross complaint raises new issues not pertinent to plaintiff's cause of action and complicates unnecessarily the matter in issue; that the transactions alleged in the complaint and cross complaint are distinct and independent; and that a defendant cannot burden a cause by citing in parties whose legal relation is only to himself and by raising for determination that which cannot affect the judgment to be rendered. Mahady contends that its right to so plead is supported by § 78 of the Practice Book and also by Public Acts 1965, No. 417, effective on October 1, 1965, which permits a defendant to implead a person

who may be liable to him for all or part of the plaintiff's claim. Also cited as authority are *New Haven Metal & Heating Supply Co.* v. *Flanagan,* 7 Conn. Sup. 195, and *Balaska* v. *Town & Country Chevrolet Co.,* 26 Conn. Sup. 173.

At the outset, it is pointed out that the motion to expunge was proper. The question with respect to the cross complaint is whether, in view of its subject matter, it was properly filed in this case. Such a question is correctly raised on a motion to expunge. Practice Book § 100; General Statutes § 52-100; *Springfield-Dewitt Gardens, Inc.* v. *Wood,* 143 Conn. 708, 712. In any event, this matter was argued without attack on the motion at hand. Thus, the crucial issue is whether the subject matter of the counterclaim is so connected with the matter in controversy under the original complaint that its consideration is necessary for a full determination of the rights of the parties. *Springfield-Dewitt Gardens, Inc.* v. *Wood,* supra, 713. The test is whether the transactions alleged in the complaint and the (Mahady) cross complaint are distinct and independent or are connected in the sense that the claim under the cross complaint is so related to that made in the complaint that consideration of the former is essential to a full adjudication of the parties' rights as to the latter. Practice Book § 78; *Puleo* v. *Goldberg,* 129 Conn. 34, 37.

The Practice Act does not permit a defendant to burden a cause and delay its progress to conclusion by citing in parties whose legal relation is only to himself, and by raising for determination issues which can by no possibility affect the judgment to be rendered. The permission given to him to secure the presence of codefendants rests not at all upon the ground that it is for his advantage but solely upon the fact that in their absence it is impossible

to render a judgment which may not be reopened. *State* v. *Wright,* 50 Conn. 580, 583, as cited in *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 31.

The cross complaint of Mahady in no way concerns the plaintiff. A determination of the issues raised in the cross complaint is not essential to a full adjudication of the rights of the parties under the complaint. The cause of action between the plaintiff and the named defendants and that raised by the cross complaint of Mahady are distinct transactions, independent of one another. The complaint against Mahady and Melchior is based on alleged agreements between the hospital and Mahady, and also between Mahady and Melchior, and negligence as spelled out under certain specifications. The cross complaint embodies allegations of agreements and negligence against Melchior quite different from the plaintiff's claims, and seeks indemnity against Melchior, if the plaintiff recovers against Mahady.

Other reasons for the unsoundness of Mahady's position lies in the fact that the plaintiff could recover against Mahady or against Melchior, or both, and including other named defendants. Contribution does not lie between joint tort-feasors. Thus, if both Mahady and Melchior were found negligent, it is elementary that Mahady could not seek a contribution or recovery from Melchior as a joint tort-feasor. *Rose* v. *Heisler,* 118 Conn. 632, 633; *Caviote* v. *Shea,* 116 Conn. 569, 575. Also, until a final judgment is obtained by the plaintiff against any of the named defendants, it cannot be known with certainty, now, that Mahady will ever have a cause of action by which it may seek indemnification from Melchior. It is necessary to wait for the final judgment in order to determine if the right of action over, by way of indemnity, accrued. *McEvoy* v.

*Waterbury*, 92 Conn. 664, 666. The *New Haven Metal & Heating Supply Co.* v. *Flanagan* case, supra, cited by Mahady, held: "As long as the cross complaint relates to the transaction upon which the main case is founded, it may with propriety be filed and pressed. In other words, it must be germane to the complaint." The *Balaska* case, also cited, follows *New Haven Metal*. These findings do not conflict with the determination made in the case at hand.

The further claim made, that No. 417 of the 1965 Public Acts supports Mahady's position here, is also without merit. First, the act applies to "a person not a party to the action," and permits a defendant in a civil action to move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon such a person, "who is or may be liable to him for all or part of the plaintiff's claim against him." Here, Melchior and Mahady are already parties to the action, and even if Mahady were not, it must be remembered that the plaintiff's claim in this case, against the named defendants, is quite different from the claim being made by Mahady against Melchior. Thus, the dispute between the latter two is no part of the plaintiff's claim against Mahady. Furthermore, the act provides discretion on the part of the court in the granting of the motion if this "will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded." If Mahady's motion could be granted, its injection is bound to delay the trial as to the plaintiff. It would work an injustice upon the plaintiff because issues would be brought into the trial that would distract the trier from those raised by the plaintiff against the named defendants and create a nightmare of confusion. Finally, Melchior will have its hands full in defending itself from the plaintiff's claims without also having to concern itself, in the same trial,

with the claims made by Mahady against it, as it purports to do in the cross complaint.

All of the reasons given here substantiate the claims made by Melchior in its motion to expunge. Accordingly, the motion of that defendant is granted and the cross complaint of Mahady is hereby ordered expunged.