ROBERT MULDER ET AL. *v.* SEYMOUR BAYUK ET AL.

CIRCUIT COURT        SIXTH CIRCUIT
FILE No. CV 6-673-29561

Memorandum filed June 2, 1967

*Richard J. Parrett,* of New Haven, for the plaintiffs.

*Gumbart, Corbin, Tyler & Cooper,* of New Haven, for the named defendant.

*Alan M. Solomon,* of Meriden, for the defendant Barberino Rental Corporation.

No appearance for the defendant Smith.

MACDONALD, J. The plaintiffs, Robert Mulder and Leonard Tanner, brought suit against the defendants for damages for personal injuries sustained in a motor vehicle collision on March 6, 1966. The

plaintiffs were riding as passengers in a motor vehicle operated by the defendant Robert A. Smith and owned by the defendant Barberino Rental Corporation, when the vehicle collided with a car owned and operated by the defendant Seymour Bayuk. The plaintiffs claim that the collision was due to the negligence of the operators of both motor vehicles involved. The defendant Barberino Rental Corporation, the owner of the car in which the plaintiffs were passengers, has now filed a counterclaim or cross complaint against the defendant Seymour Bayuk, for property damage only, alleged to have been caused by Bayuk's negligence. The defendant Bayuk has filed the instant motion to expunge this counterclaim or cross complaint.

A motion to expunge is not designed to test substantial rights and should not be used when it is in effect a demurrer. Practice Book § 100; Stephenson, Conn. Civ. Proc. § 83e (Sup. 1966). It is, however, a proper device for claiming that a counterclaim has been improperly asserted as a counterclaim and should have been made the basis of a separate action. *Pallanck* v. *Cyril & Julia C. Johnson Memorial Hospital, Inc.,* 26 Conn. Sup. 186, 188.

The provisions of the relatively new General Statutes § 52-102a, "Impleading of third party by defendant in civil action," as amended through 1965, are not here applicable. This statute, substantially an enactment of Rule 14 of the Federal Rules of Civil Procedure, applies only to "a person not a party to the action." Bayuk has already been cited as a codefendant with the defendant Barberino. The filing of cross complaints as between codefendants who are already parties to the action is governed by other Connecticut law. Stephenson, op. cit. § 107 (Sup. 1966); *Pallanck* v. *Cyril & Julia Johnson Memorial Hospital, Inc.,* supra.

Connecticut procedure permits the filing of cross complaints (Practice Book § 78) as between persons already parties to a pending action "[a]s long as the cross-complaint relates to the transaction upon which the main case is founded . . . . In other words, it must be germane to the complaint." *New Haven Metal & Heating Supply Co.* v. *Flanagan,* 7 Conn. Sup. 195; *Balaska* v. *Town & Country Chevrolet Co.,* 26 Conn. Sup. 173. The test applied by our courts to determine whether consideration of the subject matter of a cross complaint is necessary for a full determination of the rights of the parties is the same test as is used to determine whether the counterclaim is maintainable in the first instance, namely, whether the transactions alleged in the complaint and cross complaint are related and germane to the original complaint. In applying this test, our courts have construed Connecticut practice liberally, not for the defendant's particular convenience, but solely for the rendition of a judgment that is not subject to being reopened. *Springfield-Dewitt Gardens, Inc.* v. *Wood,* 143 Conn. 708, 713; *Pallanck* v. *Cyril & Julia Johnson Memorial Hospital, Inc.,* supra. In *Balaska,* supra, 174, in denying a motion to expunge the defendant's counterclaim, it was forcefully stated: "Although the preferred practice is for the defendant . . . to commence a new action against the . . . [codefendant] and then move to consolidate, this would accomplish nothing but the expenditure of more time, energy, and costs. . . . It is the constant practice of the court to prevent multiplicity of suits. . . . Our rules of practice should be liberally construed." The public has an interest in the prevention of unnecessary litigation, because of both the burden it places on the state and the resulting crowding of the courts. The procedure of trying cases together, which has long been the established prac-

tice in this state, assists in expediting business without doing anyone an injustice. *Dettenborn* v. *Hartford-National Bank & Trust Co.*, 121 Conn. 388, 392; *Groth* v. *Redmond*, 24 Conn. Sup. 467, 468.

The issues presented to the court in *Pallanck*, supra, are to be distinguished from those here indicated by the pleadings to date. In *Pallanck*, the cross complaint of the defendant Mahady company against the codefendant Melchior company in no way concerned the plaintiff, and a determination of the issues raised therein were not essential to the full adjudication of the rights of the parties under the complaint. The court so noted. It was expressly affirmed that the result reached in *Pallanck*—motion to expunge cross complaint granted—in no way conflicted with the results reached in the *New Haven Metal & Heating Supply Company* and *Balaska* cases, supra. For a fuller discussion, see Stephenson, op. cit. § 107 (Sup. 1966).

The motion to expunge is denied. An order will enter accordingly.