IRVING L. MAISLIN v. DONALD D. LAWTON ET AL.

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE No. CV 16-7210-12519

Argued June 26—decided September 25, 1973

*Harry L. Nair,* of Hartford, for the appellant (defendant).

*Richard P. Weinstein,* of Hartford, for the appellee (plaintiff).

O'BRIEN, J. In this action, brought by common counts writ to recover for dental services rendered by the plaintiff to the son of the defendants, the plaintiff filed a sworn bill of particulars and moved

for summary judgment against both defendants, claiming that both were liable for the services in accordance with § 46-10 of the General Statutes.

Section 46-10, entitled "Liability for purchases and certain expenses," reads in part: "[B]oth [husband and wife] shall be liable for the reasonable and necessary services of a physician or dentist and for hospital expenses rendered the husband or wife or their minor child while residing in the family of its parents . . . ." It is clear that the statute imposes a joint liability upon the husband and the wife regardless of which one of them made the contract for the services. A husband is relieved: from liability under the statute only if it is shown that he has provided his wife with adequate support while they were living apart. If the husband is providing reasonable support for the wife during the separation, neither she nor any third party can recover under any provisions of this statute. *Churchward* v. *Churchward,* 132 Conn. 72, 79. The statute clearly establishes the primary obligation of the husband to support his family. *Bohun* v. *Kinasz,* 124 Conn. 543, 546. The disability of the wife to sue her husband at common law has been removed. General Statutes § 46-9; *Bushnell* v. *Bushnell,* 103 Conn. 583; *Mathewson* v. *Mathewson,* 79 Conn. 23. Section 46-10 specifically gives a wife a right to indemnity "for any money that she has been compelled to pay" for the support of the family. Her right is not defeated because she has independent means. 1 Williston, Contracts (Rev. Ed.) p. 780.

When the plaintiff filed his motion for summary judgment against both defendants, no counter affidavit in accordance with § 299 of the Practice Book was filed by either defendant. Presumably the defendant Ethel P. Lawton could not in good conscience file a counter affidavit controverting the

allegations of the plaintiff's affidavit. The omission permits an inference that she could not oppose the facts stated. *Evary* v. *E & F Construction Co.,* 27 Conn. Sup. 278, 280; *Gancy* v. *Dohna,* 25 Conn. Sup. 138, 140. Nor did the defendant Donald D. Lawton file an affidavit in opposition to the plaintiff's motion for summary judgment. He had filed a special defense to the complaint to the effect that he had been furnishing reasonable support to the defendant Ethel P. Lawton pursuant to an order of the Superior Court. Presumably the trial court concluded that the pleadings showed that there was a genuine issue as to a material fact and therefore denied the plaintiff's motion insofar as it was directed against the defendant Donald D. Lawton. This it could do in accordance with § 303 of the Practice Book.

The issue raised by this appeal concerns the propriety of the entry of a judgment against one jointly liable and not against the other. It is the contention of the defendant Ethel P. Lawton that such action by the trial court deprives her of her right to assert her claims against her husband for exoneration and indemnity as set forth in her counterclaim against him. No attempt was made to expunge the counterclaim. See *Pallanck* v. *Johnson Memorial Hospital,* 26 Conn. Sup. 186; see also *Springfield Dewitt Gardens, Inc.* v. *Wood,* 143 Conn. 708, 713; *Mulder* v. *Bayuk,* 4 Conn. Cir. Ct. 418, 420.

Section 305 of the Practice Book provides: "If it appears that the defense applies to only part of the claim, . . . the moving party may have final judgment forthwith for so much of his claim as the defense does not apply to . . . ." Therefore, if the plaintiff's claim against both defendants is severable, the trial court's action must stand.

General Statutes § 52-227, entitled "Judgment for or against some of the parties only," provides that

in any civil action in which a cause of action is sustained in favor of or against only a part of the parties thereto, judgment may be rendered in favor of or against such parties only. This statute has been held applicable to actions on a joint promise. *Woodruff* v. *Perrotti,* 99 Conn. 639, 645; *Salomon* v. *Hopkins,* 61 Conn. 47. It could hardly be argued that the plaintiff would have no cause of action against the wife only under § 46-10 in the event that service on the husband could not be effectuated or some other defense, such as death, discharge in bankruptcy or the Statute of Limitations, barred recovery against him. The failure of the plaintiff to join the husband would not bar his suit against the wife either on her special contract or on the implied contract raised in the statute.

The entry of the judgment here against the wife alone leaves unaffected her right to pursue her claim for exoneration and/or indemnification against her husband either by way of her counterclaim or otherwise.

There is no error.

In this opinion CIANO and SPONZO, Js., concurred.