## C-W-B Investments, Inc. v. Elvira Lota

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 153890
AT BRIDGEPORT

Memorandum filed December 24, 1974

*Zeisler & Zeisler,* of Bridgeport, for the plaintiff.

*Cohen & Wolf,* of Bridgeport, for the defendant.

MIGNONE, J. The defendant has filed a plea in abatement and contests jurisdiction on the ground that there is pending before this court another civil action involving the same parties, although now in reversed positions, the defendant herein being the plaintiff in the other action. The plea alleges that the other action is between the same parties, and arises out of the same transaction and series of events and that all claims presented herein could properly be presented in a counterclaim filed in the previous action.

The factual situation involves a contract for the sale of real estate which the plaintiff herein seeks to have enforced, whereas the defendant herein (the plaintiff in the prior action) seeks a return of the deposit paid, because of a claimed failure of consideration.

The issue of whether an action may be abated because of a prior action pending does not appear to have a clear-cut answer. Ordinarily, if the parties are the same and the same plaintiff is bringing the second action, it will be abated unless there is some overriding reason to allow it, such as the protection of an attachment or garnishment obtained in the second suit but not in the first. See 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 104d. The same result could obtain if the defendant in the first action had filed a counterclaim raising the same claim that he seeks to press as the plaintiff in the second action. Where no counterclaim has been filed and the defendant in the first action brings the second action, the issue is, however, more tenuous. Stephenson, supra, § 104c, suggests that "[t]he fact that a defendant could assert a claim as a counterclaim does not prevent him from filing that claim in an independent action if he wishes." The case cited in support, *Lowndes* v. *City National Bank,* 79 Conn. 693, 696, does not, however, appear to support that statement as it applies to the facts of this case.

The case most akin to the issue presented here is *Dettenborn* v. *Hartford-National Bank & Trust Co.,* 121 Conn. 388. The court stated (p. 392): " 'The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious.' This is 'a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction.' . . . It is said, however, to be the general rule that the principle does not apply unless the same plaintiff brings both actions and the pendency of an action does not prevent the defendant in it from bringing a cross-suit

involving the same issues. 1 C.J. p. 82. An examination of the decisions suggests that there is a growing tendency to depart from this rule; . . . a tendency due perhaps to an increased appreciation of the fact that the public has an interest in the prevention of unnecessary litigation, both because of the burden it places on the State and the resulting crowding of the dockets of the courts. . . . Moreover, the requirement that the plaintiff shall be the same in both actions has been held not applicable in situations quite analogous to the one before us where both parties in the first action may be regarded as actors."

*Cole* v. *Associated Construction Co.*, 141 Conn. 49, which sustained the defendants' plea in abatement, admittedly concerned a situation where the plaintiff and the defendants were the same in both cases and in the same posture as parties. *Brochin* v. *Connecticut Importing Co.*, 137 Conn. 350, is authority for the principle that if a plaintiff stands to lose an advantage provided him by law (i.e., garnishment of a judgment debt in that case), a plea in abatement may properly be overruled.

In the instant matter the parties are the same, and the defendant can raise the claims set out in his second action by way of a counterclaim. A decision in the first case can effectively bring the dispute between the parties to a final conclusion.

The plea in abatement of the defendant is accordingly sustained.