[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CROSS — CLAIM OF DEFENDANT CENTRAL SALES
It is the courts' function to consider only the grounds raised by a motion to strike. Merideth v. Police Commission,182 Conn. 138 (1980).
The defendant Sea Quest has based its motion to strike on case law and statute law regarding an indemnification claim in the context of a product liability suit. Such a claim cannot survive a motion to strike, being abrogated by C.G.S. 52-572m et seq.
However, the court perceives this cross claim as sounding in warranty. As such, it would appear to be allowed by C.G.S. 52-572n(c), which reads as follows: "As between commercial parties, CT Page 3825 commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code."
In the absence of specific statutory prohibition, a cross complaint may be addressed by the defendant against a co-defendant as long as it relates to the transaction upon which the main case is founded. Balaska v. The Town Country Chevrolet Company et al, 26 Conn. Sup. 173 (1964). It is the constant practice of the court to prevent multiplicity of suits. Id at 174.
Though the cross complaint will be governed by title 42a, the Uniform Commercial Code, that should present no obstacle to the adjudication of the rights of all the parties in a single action.
DeMayo, J.