THE NATIONAL BANK OF COMMERCE OF NEW LONDON
*v.* MARY M. HOWLAND ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 8—decided November 7, 1941.

*William J. Barrett,* for the appellant (intervening defendant).

*Francis F. McGuire,* with whom, on the brief, was *Frank L. McGuire,* for the appellee (plaintiff).

MALTBIE, C. J. This case started simply as one against the named defendant to recover upon a guaranty of a note. Certain real estate was attached as belonging to her. Her daughter, Harriet Simmons, filed an application to be made a party defendant upon the ground that she was the sole owner of this real estate and the court ordered that she be cited in. The plaintiff filed an affidavit of indebtedness and a motion for disclosure of defense; and, none being made, the trial court rendered judgment that the plaintiff recover the debt of the named defendant. In its memorandum of decision, it ordered that Mrs. Simmons file a statement of the nature of the interest she claimed in the real estate and the source from which it was derived. She filed an answer and counterclaim in which she disclaimed any interest in the action as regards the claimed indebtedness of the named defendant to the plaintiff, but alleged that at the time the note was given, and at all times thereafter, she was the sole owner of the property attached and asked a decree setting aside the attachment or commanding the plaintiff to release or discharge it. The plaintiff moved that this plea be stricken out as not in compliance with the order of the court that she file a statement of her claim, and the motion was granted. Thereafter she did file such a statement containing the same allegations and asking the same relief as in the counterclaim. The plaintiff filed an answer in the form of a general denial. Within ten days thereafter Mrs. Simmons claimed the case for the jury

docket, but, on the plaintiff's motion, the court ordered it stricken off. The case was tried to the court upon the issues presented by the statement of claim and the answer, and the trial court found that the named defendant had title only to a one-third interest in the property when the attachment was made, and that the attachment was effective only as to that interest, and it directed judgment accordingly. Mrs. Simmons has appealed. The only claim of error presented upon the appeal is the order striking the case from the jury docket.

Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers. *Doris* v. *McFarland,* 113 Conn. 594, 608, 156 Atl. 52. Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect to the legal rights claimed; *Berry* v. *Hartford National Bank & Trust Co.,* 125 Conn. 615, 618, 7 Atl. (2d) 847; *LaFrance* v. *LaFrance,* 127 Conn. 149, 152, 14 Atl. (2d) 739; and where the controlling issue is based upon a claimed legal title to real estate and that is contested, equity will not ordinarily adjudicate the issue but will leave the question of title to be determined as an issue at law, and such an issue is of right triable by jury; *Miles* v. *Strong,* 62 Conn. 95, 104, 25 Atl. 459; *Roy* v. *Moore,* 85 Conn. 159, 167, 82 Atl. 233; *Welbrot* v. *Levenberg,* 98 Conn. 217, 222, 118 Atl. 911.

In this case the controlling issue was the claim of Mrs. Simmons that she was sole owner of the attached property by reason of a deed delivered by her father, who then owned the property, to her mother, to be delivered to Mrs. Simmons after his death; that a

certain agreement between her and her mother for the mutual distribution of her father's estate was made upon a condition which was not met and was therefore ineffective; and, at least impliedly, that, though the deed was not recorded until after the attachment was made, the plaintiff could take no benefit from the omission because it was not in fact misled thereby. The primary issue to be determined was whether Mrs. Simmons acquired the legal title to the property under the facts alleged. If she did not prevail upon this issue, she could not recover judgment. If she proved that she did have legal title to the property, the further issues would then be presented. The basic issue was one of title, cognizable at law, as to which she was entitled to a jury trial. In *Doris* v. *McFarland,* supra, relied upon by the plaintiff, the purpose of the action was to impose a trust upon certain property on the ground that the defendants had been unjustly enriched because, by undue influence, fraud and conspiracy, the plaintiff's intestate had been induced to erect a house upon the lands of one of them; the right of action was one which could not be asserted at law and was cognizable only in equity; nor was there any basic issue involved which, presented in such a case, would have been triable by a jury prior to January 1, 1880. General Statutes, § 5624.

The plaintiff claims, however, that the making of the order that Mrs. Simmons file a statement of claim was within the discretion of the trial court, and therefore it was within its discretion to determine how the issues presented should be tried. The bringing before the court of the issues by a statement of claim, and not by a pleading recognized under our practice, was a procedure without sanction in our law. As it was treated, however, by the court and counsel for both

parties as effective to secure an adjudication of the rights of the parties, we only point out that taking the place, as it did, of a proper cross-complaint, the discretion of the court in ordering it to be filed is like that exercised whenever a court permits or orders the filing of a pleading under such circumstances that a party has no right to file it under the statutes or rules. The exercise of such a discretion goes no farther than to authorize the filing of the pleading, leaving subsequent proceedings to be determined by the same practice as would control had it been filed of right. The action of the trial court in ordering the statement to be filed did not give it discretion to deprive a party of a right he had to the trial by jury of any issues presented by the denial of its allegations. The trial court was in error in striking the case from the jury docket.

As the case must be remanded, we point out that the established practice in this state does not permit the litigation in this case of the issues raised by the statement of claim. Even as between the parties to an action "a defendant by a counterclaim under the statute, cannot bring in for adjudication any matter that is not so connected with the matter in controversy under the original complaint that its consideration by the court is necessary to a full determination of the rights of the parties as to such matter in controversy, or, if it is of a wholly independent character, is a claim upon the plaintiff by way of set-off . . . ." *Harral* v. *Leverty*, 50 Conn. 46, 63; *Downing* v. *Wilcox*, 84 Conn. 437, 442, 80 Atl. 288; *Schaefer* v. *O. K. Tool Co., Inc.*, 110 Conn. 528, 530, 148 Atl. 330; *Hartford-Connecticut Trust Co.* v. *Riverside Trust Co.*, 123 Conn. 616, 630, 197 Atl. 766; Practice Book § 112. Still less can a stranger to the controversy between the parties be cited in so that matter foreign to the controversy may be litigated. *Lowndes* v. *City*

*National Bank,* 79 Conn. 693, 696, 66 Atl. 514; *Allen v. Chase,* 81 Conn. 474, 476, 71 Atl. 367. Certainly such a stranger cannot, upon his own motion, come into the case in order to have such issues tried and determined.

There is error and the case is remanded to be proceeded with according to law.

In this opinion the other judges occurred.