AMILIE KASZETA *v.* JULIUS KASZETA

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued December 2, 1947—decided January 29, 1948

*John J. Kinney, Jr.*, with whom, on the brief, was *Edward L. Reynolds*, for the appellant (defendant).

*Samuel H. Platcow,* with whom was *William J. Carrig,* for the appellee (plaintiff).

ELLS, J. In this action brought by a wife against her husband, she alleged that on a specified date he deserted her without cause, that since the date of the desertion he has failed to provide her with support and that he is worth at least $5000. She claimed damages and an order for payments for future support. By his answer and special defenses the defendant denied the plaintiff's basic allegation that she was living apart from the defendant for justifiable cause. After the pleadings had been closed the case was placed on the jury docket pursuant to a claim filed by the defendant on November 2, 1945. On November 5, the plaintiff filed a motion to strike the case from the jury docket because "it is an equitable action wherein the plaintiff is solely seeking equitable relief." On November 9, the defendant filed an application apparently under the provisions of General Statutes, § 5625, which authorizes the court to order any issues of fact in an equitable action to be tried to a jury. On November 23, the plaintiff amended her complaint by withdrawing the claim for damages.

In ruling on the motion to strike the case from the jury docket the court decided that the plaintiff was demanding (1) damages for the defendant's alleged neglect to furnish support to her as his wife up to the date of the commencement of the action, and (2) relief in equity in the form of an order for payments for future support. The effect of the ruling was that the defendant would have been entitled as of right to a jury trial on the claim for damages if the substituted complaint had not been amended, but that when that claim was with-

drawn by the amendment the action became one solely in equity and the right to trial by jury no longer existed. However, because of the application made by the defendant under § 5625, and to avoid further delay in the trial of the case, the court left it on the jury list so that the judge who tried the case might then rule on the application. When the case was assigned for trial, the court, another judge presiding, ordered the case to be tried to the court, stricken from the jury list and continued for trial. At the trial, the court found the issues for the plaintiff and entered judgment that the defendant pay to the plaintiff $25 per week toward her support, the payments to begin from the date of the judgment. The defendant has appealed, and the sole issue before us is whether the court erred in striking the case from the jury docket.

The defendant's claim is that, as the pleadings stood when the plaintiff's motion was filed on November 5, he had a clear right to have a jury determine the claim for damages for his alleged neglect to furnish support to his wife up to the date of the commencement of the action, which he says is an action at law; that the crucial question of fact, namely, whether the plaintiff was living apart from him for justifiable cause, would be the same in the equitable claim for future support; and that by withdrawing the claim for damages the plaintiff maneuvered him out of his right to a jury trial. He says that the harm that would be done to him is this: After securing the present judgment in a trial to the court, the plaintiff could bring a new action to recover damages for failure to support her from the time of the desertion to the date of the present judgment, in which action he could not have the bas-

ic issue tried to a jury because the matter would be res adjudicata.

We do not need to discuss the fear of future litigation and its alleged result. The plaintiff's cause of action, even as it was stated in the original complaint, is equitable. It is well settled that in this state a wife who has not by her own conduct forfeited her right of support may recover in an equitable action against her husband. *Artman* v. *Artman,* 111 Conn. 124, 129, 149 A. 246; *Smith* v. *Smith,* 114 Conn. 575, 578, 159 A. 489; *Bohun* v. *Kinasz,* 124 Conn. 543, 547, 200 A. 1015; *DeRosa* v. *DeRosa,* 129 Conn. 409, 410, 28 A. 2d 846. As recovery of separate maintenance by a wife was not possible in an action at law, it was only in equity that redress could be afforded. Keezer, Marriage & Divorce (3d Ed.) § 271; 42 C. J. S. 214. "The basis of this action is that the husband, bound to support his wife, has so conducted himself that she cannot properly be held to be under a duty to receive that support as an incident of cohabitation with him, and hence is entitled to it while living apart from him." *De Rosa* v. *DeRosa,* supra, 412. The complaint suggests no ground for a recovery of damages other than a failure to provide support. We do not decide whether damages for such a failure before the bringing of the action may be recovered in it. In *Artman* v. *Artman,* supra, a judgment for damages was rendered, but the record in that case shows that it represented money of the wife which had been spent by her for the support of herself and her child (371 Rec. & Briefs, back of p. 3); and this she was entitled to recover under the provisions of § 5155 of the General Statutes, which makes the husband primarily liable for the support of the family. *Bohun* v. *Kinasz,* supra, 545. ". . . where the essential right

asserted is equitable in its nature and damages are sought in lieu of equitable relief or as supplemental to it in order to make that relief complete, the whole action is one in equity and there is no right to a jury trial." *Berry v. Hartford National Bank & Trust Co.*, 125 Conn. 615, 619, 7 A. 2d 847; *National Bank of Commerce of New London* v. *Howland,* 128 Conn. 307, 310, 22 A. 2d 773.

The defendant apparently relies on General Statutes, § 5626, providing that when a case is on the jury docket the determination of equitable issues raised therein shall not prevent a jury trial on the question of damages. As has been pointed out, the basis of the action was equitable, and the case falls rather under General Statutes, § 5625, which permits, upon order of court, a jury trial of any issue of fact in any action demanding equitable relief. See *Savings Bank of New London* v. *Santaniello,* 130 Conn. 206, 211, 33 A. 2d 126. The defendant made application under the provisions of § 5625, and the court in effect denied it. The defendant concedes in his brief that "this is not a matter of right but is subject to the discretion of the court." He makes no claim that the court abused its discretion.

There is no error.

In this opinion the other judges concurred.