ADELAIDE M. SMITH v. FRANCES M. WARD, ADMINISTRATRIX
(ESTATE OF CHARLES L. SMITH)

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 70652

Memorandum filed May 27, 1948.

*Thomas R. Robinson* and *Robert H. Alcorn,* of New Haven, for the Plaintiff.

*George J. Grady,* of New Haven, for the Defendant.

ROBERTS, J.   This action came to this court as an appeal from the doings of commissioners in the Probate Court of New Haven on the solvent estate of Charles L. Smith, late of New Haven, deceased.   From a perusal of the statement of claim and the prayers for relief therein, as filed in this court under said appeal, it appears to the court that the essential right asserted is equitable in its nature and damages are sought in lieu of equitable relief or as supplemental to it in order to make that relief complete and that the action is one in equity.   *Berry* v. *Hartford National Bank & Trust Co.,* 125 Conn. 615, 619; *Kaszeta* v. *Kaszeta,* 134 Conn. 329, 333; *Doris* v. *McFarland,* 113 Conn. 594, 608.

Therefore the appellant is not entitled to a jury trial as a matter of right.

It appears to the court that another reason prevents this appeal from being claimed for a jury trial as a matter of right, because it is to be noted that this is an appeal from the doings of commissioners on a solvent estate and that § 5624 of the General Statutes, by its terms, only permits "appeals from the doings of commissioners on insolvent estates" to be entered in the docket as jury cases as a matter of right.   Section 4920 provides for the appointment of commissioners on solvent estates by the Probate Court, in its discretion, and commissioners so appointed shall have all the powers and duties as commissioners on insolvent estates.   Said statute further provides that any person aggrieved by the doings of commissioners on solvent estates shall have the same right of appeal to the Superior Court, as provided in § 4993, as amended by § 1307e, Cum. Sup. 1939, as in the case of commissioners on an insolvent estate. Nowhere does it appear in the statutes that in appeals from the doings of commissioners on solvent estates a jury trial can be had as a matter of right, as is the case in appeals from commissioners on insolvent estates, as noted above.

The purpose of § 4920 was to provide an alternate method of submitting a disallowed claim in a solvent estate to commissioners rather than resort to an action of law. The Supreme Court, in construing the term "all the powers and duties" as used in § 4920, held that the powers of the commissioners on solvent estates are more restrictive than those on insolvent estates. *New Haven Savings Bank* v. *Warner,* 128 Conn. 662, 667, 668; see also *Tileston* v. *Ullman,* 129 Conn. 84, 98.

In view of the fact that the court recognizes a distinction between the powers of commissioners on solvent estates and those on insolvent etates, even under the provisions of § 4920, it would hardly seem to suggest that it should be inferred, in the absence of statute to that effect, that appeals from commissioners on solvent estates should have the right of trial by jury just because appeals on insolvent estates are given that right under § 5624.

The motion to strike the case from the jury docket and jury list is granted without prejudice, however, to the appellant to make a motion, if she so desires, under § 5625 of the General Statutes.