ANNA GLICKMAN v. SAMUEL GLICKMAN

SUPERIOR COURT                   FILE No. 18497
NEW HAVEN COUNTY AT WATERBURY

Memorandum filed April 25, 1950.

*Alfred L. Finkelstein*, of Waterbury, for the Plaintiff.

*Michael V. Blansfield* and *Irving W. Pasternak*, of Waterbury, for the Defendant.

CORNELL, J. The complaint, as amended, contains three counts. The motion applies to two of these, only, namely the first and second. In the former, it is alleged in substance that the defendant husband abandoned the plaintiff wife since which time he has only partially supported her, notwithstanding that he is financially able to fully maintain her in accordance with her

station in life. In the second, it is asserted, in effect, that defendant has certain personal property in his possession and under his control in which the plaintiff claims a one-half interest, legal or equitable, and intends to dispose of the same in disregard of plaintiff's rights in it. As respects the first count, an order for support is demanded; as concerns the second a declaration of plaintiff's claimed rights in the personal property in question and an appropriate injunction.

In the absence of any attack indicating the contrary, it must be assumed that each of these two counts states a separate and distinct cause of action. Practice Book § 33. And see discussion in *Veits* v. *Hartford*, 134 Conn. 428. It would, therefore, be proper for a party to claim the same for a jury trial if the causes described in them were eligible therefor.

A case, or a single count stating a separate and distinct cause of action at law, is eligible to a trial by jury as a matter of right. *United States Fidelity & Guaranty Co.* v. *Spring Brook Dairy*, 135 Conn. 294, 297. The constitutional guarantee from which this unqualified privilege derives does not, however, embrace actions in equity, (id., p. 297) though a trial of issues of fact involved therein may be had by grace of statute. General Statutes § 7937. The instant motion does not apply to either of such situations. This, for the reason that the cause stated in the first count is not one at law but in equity (*Kaszeta* v. *Kaszeta*, 134 Conn. 329, 333) as is palpably that in the second. Neither does it ask for a trial by jury of any one or more issues of fact in accordance with § 7937. Restricting the decision here to the narrow issue presented by the instant motion (but examine *Barber* v. *Baldwin*, 135 Conn. 558) the latter for the reasons noted, is denied.