HON. ROBERT SATTER, JUDGE TRIAL REFEREE.
 

 Before the court in the present foreclosure action are three motions. The first is the plaintiffs motion to strike the defendants’ jury claim. The second is the defendants’ motion, pursuant to General Statutes § 52-218, that all issues of fact be tried to a jury. The third is the plaintiffs motion in the alternative, that if this court allows a jury trial on the defendants’ counterclaim, it will be severed from the plaintiffs foreclosure trial.
 

 The relevant facts and pleadings are as follows. The plaintiffs original complaint alleged a deed and a mortgage note executed by the named defendant John Fitch Court Associates Limited Partnership (Fitch) in favor of the plaintiff, upon which Fitch defaulted. Fitch then
 
 *415
 
 filed an answer on April 7, 1994, denying its default and leaving the plaintiff, the Connecticut Housing Finance Authority, to its proof as to other material allegations of the complaint. Fitch’s answer further alleged a special defense that the plaintiff breached the implied covenant of good faith and fair dealing in regard to the administration of the loan, and a counterclaim that the plaintiff wrongfully accelerated the note, for which Fitch claimed money damages.
 

 The plaintiff replied to Fitch’s counterclaim on May 9, 1994, denying its allegation and alleging a special defense that it failed to state a claim for which relief could be granted.
 

 Fitch did not file a jury claim on its counterclaim within ten days of May 9, 1994, and, on October 18, 1994, the plaintiff claimed the case for a court trial.
 

 On May 23, 1995, the plaintiff moved to cite in Carr Property Management, Inc. (Carr), as a defendant, and to amend its complaint to allege that Carr may claim an interest by virtue of its occupancy of specific commercial space in the mortgaged premises. These motions were granted and Carr was served on June 8, 1995.
 

 Carr appear ed on July 14, 1995, and was represented by the same law firm that had represented Fitch.
 

 Both Fitch and Carr filed a joint answer on September 11, 1995, denying a default on the note, leaving the plaintiff to its proof as to the other material allegations of the complaint, as in the original answer of Fitch. On the same date, Fitch and Carr filed a jury claim as to their counterclaim.
 

 In support of its motion to strike the jury claim of Fitch and Carr, the plaintiff argues first that the jury claim is untimely.
 

 
 *416
 
 General Statutes § 52-215 provides that a claim for a jury may be made “within thirty days after the return day” or “within ten days after [an] issue of fact is joined . . . .”
 

 On the issue of timeliness, the jury claim of Carr was clearly timely since it was filed at the time Fitch and Carr’s joint answer alleging the counterclaim was filed.
 

 On the issue of timeliness as to the jury claim of Fitch, a determination depends on the significance of the plaintiffs amended complaint.
 

 Fitch and Carr argue that any amendment, even a technical one, which requires a responsive pleading, revives the period for claiming the matter to a jury.
 
 Troiano
 
 v.
 
 Doyker,
 
 Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 365449 (January 15, 1991) (3 Conn. L. Rptr. 133)
 
 (Corrigan,
 
 J.). The more accurate rule, however, is that “anew ten day period may be created by the filing of an amended pleading,
 
 provided that the amended pleading introduces a new issue of fact into the case.”
 
 (Emphasis added.)
 
 Javit
 
 v.
 
 Marshall’s, Inc.,
 
 40 Conn. App. 261, 266, 670 A.2d 886 (1996).
 

 The plaintiffs amended complaint of May 23, 1995, alleged the interest of Carr as a tenant. This introduced a new issue of fact in the case, but the question is, does Fitch have the right to file a new jury claim within ten days after the pleadings were again closed?
 

 The court holds that it does not. The amended complaint, by adding a defendant having an interest subsequent to Fitch, does not raise a new issue of fact respecting the plaintiffs foreclosure action against Fitch. In fact, the responsive pleading of Fitch and Carr is exactly the same as the one Fitch filed in response to the original complaint, except for leaving the plaintiff to its proof as to the interest of Carr. Thus, the court
 
 *417
 
 concludes that Fitch’s jury claim is not timely filed.
 

 The plaintiff, secondly, argues that the counterclaim for damages, based on the plaintiff wrongfully accelerating the mortgage note, is essentially equitable in nature and, thus, does not create a right to a jury trial.
 

 Northeast Savings, F.A.
 
 v.
 
 Plymouth Commons Realty Corp.,
 
 229 Conn. 634, 642 A.2d 1194 (1994), put to rest the lingering dicta of
 
 Savings Bank of New London
 
 v.
 
 Santaniello,
 
 130 Conn. 206, 211, 33 A.2d 126 (1943), that by a defendant raising legal counterclaims in a plaintiffs equitable action, the defendant waived his right to a jury trial. Rather, our law is that where “separate and distinct causes of action are joined, one at law and one in equity, either party has the right to have a jury trial of the issues involved in the cause of action at law.”
 
 Berry
 
 v.
 
 Hartford National Bank & Trust Co.,
 
 125 Conn. 615, 618, 7 A.2d 847 (1939).
 

 The Supreme Court held in
 
 Northeast Savings, F.A.
 
 v.
 
 Plymouth Commons Realty Corp.,
 
 supra, 229 Conn. 641, that because a counterclaim is an independent action, the right to a jury trial on the counterclaim depended on whether the counterclaim was “essentially legal or essentially equitable.” The analysis must be made “in the context of the pleadings when read as a whole” and the “form of the relief demanded is not dispositive.” (Internal quotation marks omitted.) Id., 641-42.
 

 The standard for determing whether a counterclaim is “essentially” legal or equitable is not articulated in the cases, although examples of the application of the rule are given in
 
 Berry
 
 v.
 
 Hartford National Bank & Trust Co.,
 
 supra, 125 Conn. 618-19,
 
 sad National Bank of Commerce of New London
 
 v.
 
 Howland,
 
 128 Conn. 307, 310, 22 A.2d 773 (1941).
 

 In the present case, the allegation of the counterclaim that the plaintiff wrongfully accelerated the note sounds
 
 *418
 
 in breach of contract for which the defendant seeks money damages. That is a legal cause of action as to which Carr is entitled to a jury trial.
 

 The plaintiff argues finally, that this counterclaim cannot be raised by Carr, the tenant, because it is not in privity with Fitch, the mortgagor. On a motion to strike a jury claim, however, the court must take the counterclaim as pleaded and cannot decide its legal sufficiency.
 

 Thus, this court decides that Carr’s jury claim was timely made and its counterclaim is properly triable to a jury.
 

 Both Fitch and Carr move, pursuant to § 52-218, that all issues of fact be tried to the jury. That statute provides that “[u]pon the application of either party, the court may order any issue or issues of fact in any action demanding equitable relief to be tried by a jury of six.” General Statutes § 52-218.
 

 At the outset, it may be noted that while a claim to the jury, pursuant to § 52-215, must be made within a strict time limitation, a claim for a jury in an action demanding equitable relief, pursuant to § 52-218, is not time limited and may be made any time before trial. While a jury claim under § 52-215 is a matter of right, however, a jury claim under § 52-218 is not a matter of constitutional or statutory right.
 
 Davis
 
 v.
 
 McFarland,
 
 113 Conn. 594, 608, 156 A. 52 (1931). A determination of whether to grant the motion and what issues to submit to the jury is left entirely to the discretion of the court and “this discretion should be sparingly exercised.”
 
 Lombardi
 
 v.
 
 Laudati,
 
 124 Conn. 569, 571, 200 A. 1019 (1938).
 

 In the present action, since the jury claim of Fitch was untimely, to prevent confusion at trial, the court hereby grants the joint motion of Fitch and Carr for a
 
 *419
 
 jury trial, pursuant to § 52-218, on their counterclaim only.
 

 The plaintiff moves to sever the counterclaim of Fitch and Carr from the foreclosure action so that a court trial can proceed on the plaintiffs action. Since the court deems it unfair for the plaintiff to obtain its relief before the counterclaim of Fitch and Carr is litigated, it denies the plaintiffs motion to sever.
 

 Thus, to recapitulate, this court grants the plaintiffs motion to strike the jury claim of Fitch, denies the plaintiffs motion to strike the jury claim of Carr, grants the motion of Fitch and Carr for a jury trial, pursuant to § 52-218, on the counterclaim of Fitch and Carr and denies the plaintiffs motion to sever.