[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a one count complaint, alleging that the defendant Ruth B. Willis, Trustee, was obstructing the right of way or easement that is appurtenant to the plaintiffs' land; and that the defendant had claimed an CT Page 8446 adverse interest in a certain parcel of land known as 26 Whalers Point, located in the town of East Haven (hereinafter the "property"). The plaintiffs seek a declaratory judgment determining the location of the boundary easement and the rights of the parties in or to the land and settling title thereto; a temporary injunction, to be made permanent, ordering the removal of the defendant's fence, and monetary damages.
The defendant filed an answer and seven special defenses, including claims that the defendant owned the property; that the plaintiffs' claims were barred by the statute of frauds; that the plaintiffs failed to state a cause of action upon which relief may be granted; that the plaintiffs lack standing; that the plaintiffs failed to include a necessary party to its action; the plaintiffs were barred from seeking equitable relief by virtue of their unclean hands; and that the plaintiffs were estopped from asserting a claim against property which was conveyed pursuant to a certain declaration of condominium in which plaintiffs had an interest. The plaintiffs denied the allegations contained in each special defense. They then filed a certificate of closed pleadings and a claim for the jury list[1]. The defendants filed the present motion to strike the case from the docket on the ground that the action sounds in equity and that, therefore, no right to a jury exists.[2]
"Although fundamental, the right to a trial by jury is subject to certain limitations." LR Realty v. Connecticut National Bank, 246 Conn. 1,9, 715 A.2d 748, (1998). Article first, § 19, of the Connecticut constitution, as amended, states that the "right of trial by jury shall remain inviolate." "This particular clause has been in existence since 1818, the year Connecticut adopted its constitution. See W. Horton, The Connecticut State Constitution, A Reference Guide (1993), p. 75. Article first, § 19, has been held to provide two basic rights. First, it provides for the right to a trial by jury for those cases that were triable, or that are similar to cases that were triable by jury in 1818.Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40,49-53, 578 A.2d 1054 (1990). Second, it protects the jury trial from procedural changes that in fact change the substance of the institution."Federal Deposit Ins. Co. v. Voll, 38 Conn. App. 198, 204, 660 A.2d 358
(1995), cert. denied 235 Conn. 903, 665 A.2d 901 (1995); see also Town ofWallingford v. Reliance Insurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 99 0420955 (January 3, 2000,Silbert, J.), (26 Conn.L.Rptr. No. 8, 270). "Because at common law only legal claims were tried to a jury, the state constitutional right to a trial by jury does not extend to equitable claims." (Citations omitted; internal quotations omitted.) Federal Deposit Ins. Co. v. Voll, supra,38 Conn. App. 204.
"[I]n determining whether a party has a right to a trial by jury under CT Page 8447 the state constitution . . . we must ascertain whether the action being tried . . . has roots in the common law, and if so, whether the remedy involved was one in law or equity. If the action existed at common law and involved a legal remedy, the right to a jury trial exists and the legislature may not curtail that right either directly or indirectly." (Internal quotation marks omitted.) Id. "Consequently, statutory actions established since the adoption of the constitution of 1818 ordinarily fall outside the scope of the provision, unless, perhaps, the new remedy constitutes a modification of existing remedies, so vital as to unduly limit and violate the right of trial by jury." (Citations omitted; internal quotation marks omitted.) Id. "The determination of whether a jury trial is required depends on whether the action is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted." (Internal quotation marks omitted.) Canningv. Lensink, 221 Conn. 346, 350 n. 3, 603 A.2d 1155, (1992).
"General Statutes § 52-215, provides that as a matter of right, civil actions involving such an issue of fact, as, prior to January 1, 1880, would not present a question properly cognizable in equity should be entered on the docket as jury cases upon proper request." (Internal quotation marks omitted.) Town of Wallingford v. Reliance Insurance Co., supra, 26 Conn.L.Rptr. No. 8, 272. "Section 52-215 goes on to state that certain enumerated actions and all other special statutory proceedings, which, prior to January 1, 1880, were not triable by jury, shall be tried to the court without a jury." Id. "The term `special statutory proceedings' cannot be construed, under the constitutional provisions guaranteeing jury trials, [however], to mean any cause of action whatsoever, simply because it is authorized by an enactment of the legislature. If it could, the legislature, by the process of giving legislative sanction to common-law causes of action could, in the course of time, obviate the guarantees of jury trial completely." (Citations omitted, internal quotation marks omitted.) Id.
"`We have held, therefore, that the right to a jury trial exists both in cases in which it existed at common law at the time of the adoption of the constitutional provisions preserving it and in cases substantially similar thereto.'" Town of Wallingford v. Reliance Insurance Co., supra, (26 Conn.L.Rptr. No. 8, 270), quoting Ford v. Blue Cross Blue Shield ofConnecticut, Inc., supra, 216 Conn. 50. "Causes of action that are essentially cognizable at law are triable to a jury, while actions that are essentially equitable are not." (Citations omitted; internal quotation marks omitted.) Motor Vehicle Manufacturers Assn. of the UnitedStates, Inc. v. O'Neil, 203 Conn. 63, 76, 523 A.2d 486 (1987). "This distinction is easier to state than to apply, especially when legal and equitable issues are combined in a single action." Id. "Where incidental issues of fact are presented in an action essentially equitable, the CT Page 8448 court may determine them without a jury in the exercise of its equitable powers. . . . Where, however, the essential basis of the action is such that the issues presented would be properly cognizable in an action of law, either party has a right to have the legal issues tried to the jury, even though equitable relief is asked in order to give full effect of the legal rights claimed." (Internal quotations omitted.) Id., citingNational Bank of Commerce of New London v. Howland, 128 Conn. 307, 310,22 A.2d 773 (1941). "Application of these principles to a particular controversy requires an analysis of the pleadings as a whole. In that analysis, the form of the relief demanded is not dispositive." (Citations omitted; internal quotation marks omitted.) Motor Vehicle ManufacturersAssn. of the United States, Inc. v. O'Neil, supra, 203 Conn. 76.
"[O]ur law is that where separate and distinct causes of action are joined, one at law and one in equity, either party has the right to have a jury trial of the issues involved in the cause of action at law." (Internal quotation marks omitted.) Connecticut Housing Finance Authorityv. John Fitch Court Associates Limited Partnership, 44 Conn. Sup. 411,415, 691 A.2d 1134 (1996), quoting Berry v. Hartford National Bank Trust Co., 125 Conn. 615, 618, 7 A.2d 8947 (1939). A case presenting issues both in equity and law may be claimed for the jury list, but unless the court otherwise orders, only the issues at law shall be assigned for trial by jury. Klar Crest Realty, Inc. v. Rajon RealtyCorporation, 190 Conn. 163, 172 n. 4, 459 A.2d 1021 (1983).
In the present case, the principal issues raised by the pleadings involve legal issues of title to the property and equitable issues regarding the size of an easement or right of way. Consequently, the plaintiffs here are entitled to a jury trial on the legal issue of title and a court trial as to the equitable issues regarding the easement.
"The term "title" has been defined as that which is the foundation of ownership, of either real or personal property, and that which constitutes a just cause of exclusive possession. . . . [T]itle has also been defined as the evidence of the right to which a person has to possession of property, or to the enjoyment thereof, or the means whereby a person's right to property is established." 73 C.J.S. 225, Property § 32 (1983). The term title includes all rights capable of being enjoyed and secured under the law. Id., 226. "A jury trial is required on legal claims that are joined in the same action with equitable claims only if the essential basis of the action is such that the issues presented would be properly cognizable in an action at law . . . even though equitable relief is also asked. . . ." (Internal quotations omitted.) Commissioner of Environmental Protection v. Connecticut Bldg.Wrecking Co., 227 Conn. 175, 182, 629 A.2d 1116 (1993). CT Page 8449
"[W]here the controlling issue is based upon a claimed legal title to real estate and that is contested, equity will not ordinarily adjudicate the issue but will leave the question of title to be determined as an issue at law, and such an issue is of right triable by jury." Franchi v.Farmholme, Inc., 191 Conn. 201, 211, 464 A.2d 35 (1983); see also,National Bank of Commerce of New London v. Howland, 128 Conn. 307,311-312, 22 A.2d 773 (1941) (holding title issue cognizable at law and as of right triable to jury where issue to be determined was whether cited in defendant acquired legal title to the property under the facts alleged).
In the present case, the plaintiffs allege that they obtained an interest in the property via warranty deed dated June 22, 1996, which deed was later corrected on February 10, 1998. They contend that they obtained their interest subject to an easement agreement between Richard J. Ficcorilli and Whalers Point Associates Limited Partnership, dated September 14, 1992. The plaintiffs further allege that the defendant has asserted a claim of interest in the plaintiffs' property which is not supported by and conflicts with the record title of the plaintiffs' property. The defendant, in her answer and special defenses, claims ownership of the property pursuant to a conveyance of record, thereby putting title at issue. Title, consequently, is an essential factor in the present case as the easement issue cannot be resolved without first determining which party has title to the property. Where, as here, a principal issue to be determined is legal title to property, the plaintiffs are entitled to a jury trial on the issue of title.
"It is well settled that the right to a jury trial under Articlefirst, § 19, of the Connecticut constitution, as amended, does not include a right to a jury trial in an equitable action." Texaco, Inc. v.Golart, 206 Conn. 456, 458 (1988). "The owner of an easement is entitled to relief upon a showing that he will be disturbed or obstructed in the exercise of his right." Connecticut Light Power Co. v. Holson Co.,185 Conn. 436, 440, 440 A.2d 935. See also, Peckheiser v. Tarone,186 Conn. 53, 60-61, 438 A.2d 119 (1982) where our Supreme Court stated that "injunction is the proper remedy to stop interference with an owner's use and enjoyment of an easement. [Injunction] is an equitable form of relief, however, which does not follow automatically upon the establishment of a strict legal right where such a remedy would not be compatible with the equities of the case."
In McWilliams v. McNamara, 81 Conn. 310, 70 A. 1043 (1908), our Supreme Court held that the determination of the location of a right of way reserved in a deed is for the court, and should not be left to the jury. Similarly, in the present case, the pleadings indicate that the parties are in disagreement about the size of an easement or right of way CT Page 8450 encumbering the property. The plaintiffs, in their prayer for relief, seek an injunction and a declaratory judgment determining the location of the boundary easement and the rights of the parties in or to the property. The issues regarding the size and scope of the easement are equitable in nature and thus, properly triable to the court.[3]
The plaintiffs seek equitable relief in the form of an injunction and a declaratory judgment, but they also seek legal relief in the form of damages. The form of relief demanded is not dispositive of the question of whether a case is entitled to a jury trial; see Motor VehicleManufacturers Assn. of the United States, Inc. v. O'Neil, supra,203 Conn. 76, and an analysis of each form of relief requested is necessary for a complete examination of the issues presented.
The plaintiffs argue that their demand for a declaratory judgment determining the location of the boundary easement and the rights of the parties in or to the land is properly triable to the court. "An action for a declaratory judgment is a special statutory proceeding, not one in equity." (Internal quotation marks omitted.) Town of Wallingford v.Reliance Insurance Co., 26 Conn.L.Rptr., 272. "As regards statutory actions created since 1818 [when Connecticut adopted its constitution] within the scope of which fall issues which, if presented in ordinary actions, might be determined either at law or in equity, the right of trial by jury as to the former still exists." (Internal quotation marks omitted) Id. "Actions for declaratory judgments were created by a statute enacted in 1921; Public Acts, 1921, Chap. 258; and, subject to the constitutional limitation we have stated, are under the statute to be entered upon the court docket." (Internal quotations omitted.) Id. Therefore, the plaintiffs' demand for a declaratory judgment is properly triable to the court[4].
The plaintiffs' demand for injunctive relief is properly triable to the court in equity. "Injunction is the proper remedy to stop interference with an owner's use and enjoyment of an easement." Peckheiser v. Tarone, supra, 186 Conn., 60-61. "The granting or refusing of injunctive relief, however, rests within the sound discretion of the trial court."Connecticut Light and Power v. Holson, supra, 185 Conn. 448. "[T]he power of equity to grant injunctive relief may be exercised only under demanding circumstances." Id., citing Nicholson v. Connecticut Half-WayHouse, Inc., 153 Conn. 507, 511, 218 A.2d 383 (1966). Therefore, the plaintiffs are entitled to a court trial regarding their demand for injunctive relief.
The plaintiffs' demand for damages is properly triable to the jury. "A case presenting issues both in equity and law may be claimed for the jury list, but, unless the court otherwise orders, only the issues at law CT Page 8451 shall be assigned for trial by the jury. Whenever such an action has been placed upon the docket as a jury case, no determination of the equitable issues raised by the pleadings shall prevent a jury trial of the claim for damages, unless both parties agree in writing to waive a jury trial of the claim for damages, unless both parties agree in writing to waive a jury, or unless the determination of the equitable issues has necessarily adjudicated all the facts upon which the claim for damages rests." KlarCrest Realty, Inc. v. Rajon Realty Corporation, 190 Conn. 163, 172 n. 4,459 A.2d 1021 (1983). Therefore, the plaintiffs are entitled to a jury trial on the issue of damages.
Because the pleadings present both legal issues of title and equitable issues regarding an easement or a right of way, the defendants' motion to strike the matter from the jury docket is denied. The trial court may submit the legal issues of title and damages as well as any remaining issues of fact to the jury, reserving for itself the declaratory judgment and any equitable issues the case.
Jonathan E. Silbert, Judge