[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
CT Page 16315
The plaintiff initiated a foreclosure action against the defendants. The defendants counterclaimed contending that the plaintiff, at some point subsequent to the signing of the note and mortgage, had failed to comply with a workout agreement reached by the parties. The defendant claimed the case to the jury trial list. The plaintiff filed the subject motion, a Motion to Strike from the Jury List, claiming that since equitable actions cannot be tried to a jury, the counterclaim should be severed and the plaintiff should be allowed to proceed with its foreclosure action,[1] or in the alternative that the entire case should be stricken from the jury list. The plaintiff relies on the following to substantiate its contention that the counterclaim should be severed:
Practice Book Section 10-10 provides that;
 [i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint; . . . (emphasis added.)
Practice Book section 16-10 provides;
 No issues of fact in an equitable action shall be tried to the jury except upon the order of the judicial authority . . . and
Practice Book section 16-11 provides;
 A case presenting issues both in equity and law may be claimed for the jury list, but, unless the judicial authority otherwise orders, only the issues at law shall be assigned for trial by the jury . . .
Furthermore, plaintiff places reliance on case law which essentially holds that
 "[a]lthough some foreclosure proceedings rely on the equitable nature of the proceeding as grounds for allowing counterclaims and defenses not recognized at common law, . . This trend must have a boundary . . . CT Page 16316 [E]quitable defenses and counterclaims . . . are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure of the mortgagor . . . Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note and mortgage." Shoreline Bank and Trust Co. v. Steven Leninski, et al., 8 Conn.L.Rptr. No. 17522 (April 26, 1993, Celotto, J.)
The conduct that defendant's complain of, and which forms the basis for their counterclaim, is the alleged failure of the plaintiff to honor a purported workout agreement. That claim, however, does not arise out of the same transaction or occurrence that is the subject of plaintiff's complaint. The workout agreement and its alleged breach were wholly separate and distinct from the execution of the note and mortgage as they occurred at entirely separate times. Since the transaction or occurrence which is the subject of defendant's counterclaim is distinct from that of plaintiff's complaint, they were not properly joined with the foreclosure action and claimed for the jury list. "The majority of the superior court cases . . . have held that there is no right to a jury trial in a foreclosure action, even though the special defenses and counterclaims raise legal issues . . ." The Cadle Company v. Batchelor, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 127811 (October 21, 1998, West, J.) citing Union Trust co. v. Ranzon, Superior Court, judicial district of New Haven, Docket No. 306809 (November 19, 1983,Celotto, J.)
"When legal and equitable issues are combined in a single action, whether the right to a jury trial attaches depends upon the relative importance of the two types of claims. Where incidental issues of fact are presented in an action essentially equitable, the court may determine without a jury in the exercise of its equitable powers. (Citations omitted.) United States Trust Co. v. Bohart, 197 Conn. 34, 45,495 A.2d 1034 (1985). To determine whether the action is essentially legal or essentially equitable, the court must examine the pleadings in their entirety. Texaco v. Golart, [supra, 206 Conn. 459]." People's Bankv. Podd, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 287559 (September 7, 1993, Leheny, J.).
"A defendant cannot by the assertion of defenses and counterclaims which are "legal' in nature, convert a foreclosure case from its essentially equitable nature to a legal cause of action thereby requiring a jury trial." (Citations omitted.) People's Bank v. Podd, supra, Superior Court, Docket No. 287559. However, "the trial court has discretion to retain the foreclosure portion of the case on the court CT Page 16317 side list, while placing the counterclaim on the jury list." Connecticut National Bank v. Rytman, 241 Conn. 24, 54, 694 A.2d 1246 (1997).
"Where separate and distinct causes of action are joined, one at law and one in equity, either party has the right to have a jury trial of the issues involved in the cause of action at law." CHFA v. John Fitch CourtAssociate LTD. PARTS, 44 Conn. Sup. 411 (1996); citing Berry v. HartfordNational Bank Trust Co., 125 Conn. 615, 618, 7 A.2d 847 (1939).
In this case, defendants claim that plaintiff violated Unfair Trade Practices as set forth in Chapter 735 of the Connecticut General Statutes. Specifically of import to the issue presented by plaintiff's motion is that Connecticut General Statutes § 42-110g(g) states: "In any action brought by a person under this section there shall be a right to a jury trial except with respect to the award of punitive damages under subsection (a) of this section or the award of costs, reasonable attorney's fees and injunctive or other equitable relief under subsection (d) of this section." (Emphasis added.)
The defendant's chose to make this claim and to have this claim tried to a jury, i.e., to take advantage of their statutory right to a jury trial on this issue. At the same time, however, the plaintiff has a right to have its foreclosure issue presented to the court without the inherent delay and resulting prejudice to its position that that delay would cause.
If the courts were to allow foreclosure cases to be claimed for the jury list and to wait thereon for trial, simply because a defendant claimed a CUTPA violation, those actions would be unreasonably delayed for substantial periods of time. Defendants have cited no case law or statutory authorization for a delay in the foreclosure action under these circumstances.
This court does hereby sever the foreclosure action from the defendants counterclaim (thereby granting to each party the forum they each selected for their respective claims). The foreclosure action will be heard in the normal course of time by a court of equity; the counterclaim will remain on the jury list.
RESHA, J